E. R. & R. I. DIXON *v.* LOUISVILLE & NASHVILLE RAIL-
ROAD CO.

(*Knoxville.* September Term, 1905.)

1. **CIRCUIT COURT.** Power of, to construe contracts affecting
land sought to be condemned for railroad right of way.

   Where proceedings to condemn a right of way for a railroad
   have been instituted in the circuit court, such court has com-
   plete jurisdiction to construe a contract, between the owner
   of the land and the railroad company, for the establishment of
   crossings, and to determine the rights of the landowner, not
   only under said contract, but also under the statute and under
   common law.

2. **CHANCERY COURT.** Will not enjoin condemnation proceed-
ings, when.

   A court of chancery will not entertain a suit by a landowner to
   enjoin condemnation proceedings pending in the circuit court,
   involving matters stated in the first headnote, on the ground
   that the parties have not been able to agree as to number and
   location of railroad crossings, and that the number and loca-
   tion thereof would materially affect the damages sustained by
   said landowner.

---

FROM McMINN.

---

Appeal from the Chancery Court of McMinn County.
—T. M. McCONNELL, Chancellor.

BURKETT, MANSFIELD & MILLER, for Dixon.

ALLEN & IVINS, CORNICK, WRIGHT & FRANTZ and J. G. JOHNSON, for Railroad Company.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is a bill to enjoin a proceeding in the circuit court of McMinn county, in which it is sought to condemn a right of a way for railroad purposes. The bill proceeds upon the theory that the railroad company will not construct sufficient and convenient crossings; and its object is to obtain a decree fixing the number and location of such crossings, and that the matter of assessing damages be passed upon by the chancery court, or by the circuit court after the chancery court has adjudicated the number and location of said crossings.

It is alleged that complainants executed a deed of conveyance to the Knoxville Southern Railroad of a right of way over this land, in which it was stipulated that the railroad company should put in good stock gaps and fix wagon road crossings as were necessary for the convenience of the grantors, and that this is an obligation which rests upon the defendant, the Louisville & Nashville Railroad, as the successor of the Knoxville Southern Railroad and as the owner of the original right of way, and that this obligation extends, not only to the right of way as originally located, but also to a new and additional location contemplated by the Louisville &

Nashville Railroad under the act of 1903, authorizing condemnation for railroad rights of way within certain limits.

It is charged that in the condemnation proceeding a jury of view had gone upon the premises and assessed the value of the land taken at $164 and the incidental damages at $625, that the defendant has appealed from the jury's verdict, and its appeal is now pending in the circuit court of McMinn county undetermined. It is further alleged that the amount of damages accruing to complainant by reason of the taking and relocation of the line will depend largely upon the number and location of crossings installed and maintained by the company; that the complainants have not been able to agree with the railroad as to the number and location of such crossings, and they are wholly at a loss to know what crossings will be furnished; that both at common law and under the deed of conveyance referred to they have a right to convenient and sufficient crossings, properly located, and the amount of damages to which they are entitled will largely depend upon the number and location of these crossings.

The bill alleges that the question of these crossings should be adjudicated by the chancery court, and that it has jurisdiction to fix the same, and, having obtained and taken jurisdiction for that purpose, the court should maintain jurisdiction for all purposes, including the assessment of damages and the value of the land, and they ask to have all these questions settled in the chancery

Dixon v. Railroad Co.

court, or, if this cannot be done, that the court fix the number, kind, and location of the crossings, and have them actually constructed, and a decree adjudicating the same certified to the circuit court, in order that that court may intelligently pass upon the amount of damages to which complainants are entitled.

There was a demurrer to the bill upon the ground that the jurisdiction of the circuit court to try all matters involved in condemnation proceedings was full, ample, and exclusive, or, at least, coextensive with the chancery court, and that no sufficient grounds are alleged for interference with the jurisdiction of the circuit court, which it has already acquired; that the question of crossings, so far as it can affect the measure of damages in condemnation proceedings, is one over which the circuit court has full jurisdiction in the condemnation proceedings; but if this be not so, complainants' rights in the matter of crossings cannot be prejudiced by a prosecution of the condemnation proceedings to their conclusion; that the law presumes the railroad company will do its duty with reference to the matter of such crossings, and the damages will be assessed under this presumption and upon this basis; and that there are no facts alleged from which it can be properly inferred that complainants will not be given all crossings to which they are properly and legally entitled.

The chancellor overruled the demurrer, and in the exercise of his discretion allowed an appeal to this court by the defendant; and it has assigned error.

The controlling question presented in the case is whether the circuit court has full and complete jurisdiction to grant all the relief proper in condemnation proceedings, and whether the chancery court has any jurisdiction to interfere with it upon the allegation that the complainant landowners will not be fully protected in their rights in such condemnation proceedings.

The ground alleged in the bill, to show any embarassment or want of power in the law court to fully protect the complainants and to invoke the aid of chancery, is that the amount of damages which will result will depend to some extent upon the number and location of crossings to be installed and maintained by the company.

If this be a sufficient ground for interference by a court of chancery, it is difficult to see why every condemnation proceeding is not liable to be moved from the circuit court to the chancery court, inasmuch as the question of crossings and location of the same will arise wherever a railroad passes through any man's land.

We cannot see that the court of chancery would have any more jurisdiction to pass upon the questions presented in this bill than the circuit court has. That court has as much right to construe the contract and the common-law and statutory right of the complainant to crossings, if to be built at the expense of the railroad, as the chancery court has.

We do not undertake to pass upon these questions as to what the rights of parties are as to crossings, but sim-

Dixon v. Railroad Co.

ply hold that the circuit court has the power to determine the rights of complainants under their contract, under the statute and under the common law, as fully as the court of chancery would have.

Nor can we pass in the present case upon the question whether these rights can be set up in the condemnation proceedings or in a separate proceeding, if the railroad shall fail to do its duty.

For these reasons and upon these grounds we are of opinion that the chancellor was in error in overruling the demurrer to the bill and his decree is reversed, and the bill is dismissed, at the cost of complainants.