ALEX HOMBRA, TRUSTEE, *et al. v.* L. D. SMITH, ATTORNEY-GENERAL, *et al.*

T. O. MORRIS *et al. v.* L. D. SMITH, ATTORNEY-GENERAL, *et al.*

W. D. HOWSER *v.* L. D. SMITH, ATTORNEY-GENERAL, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed June 17, 1929.

R. E. MAIDEN and R. L. SUDDETH, for complainant, appellants.

H. H. BARR, F. S. HALL and D. B. PURYEAR, for defendant, appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

■ The primary purpose of the bill is to determine the title to two tracts of land, covered by water, referred to as "Big" and "Little Ronaldson" Sloughs, the two embracing about 800 acres; and, incidentally, to enjoin a condemnation suit pending in the circuit court until the question of title is decreed.

It is alleged in the bill that complainants, for many years, have owned and been in possession of a boundary of land adjacent to Reelfoot Lake, containing 2287 acres; that defendants, commissioners, pursuant to chapter 18, Acts of 1925, have instituted condemnation proceedings in the circuit court by which they seek to acquire, for park purposes, all of said tract except said two sloughs, which are embraced therein; that while the petition is silent as to the 800 acres, as a matter of fact the State is claiming title thereto; that the lands sought to be condemned entirely surround said two sloughs; and that they, in the circumstances, are entitled to recover incidental damages to said sloughs.

The defendants demurred to the bill, and on the hearing the chancellor overruled the demurrer and then dismissed the bill on his own motion for want of equity upon its face.

We are of the opinion that complainants have a complete and adequate remedy at law. *Dixon* v. *Railroad Co.,* 115 Tenn., 362.

■ The condemnation act referred to provides that the procedure shall be under sections 1325 to 1348, inclusive, and amendments thereof, of the Code of 1858. Under these provisions the owner is entitled to compensation for the land actually taken and to incidental damages to the land not taken. *Faulkner* v. *City of Nashville,* 154 Tenn., 145,

So that, had the State taken possession of this property, the owner could have maintained a suit to recover damages as provided in the eminent domain statutes referred to.

It is well settled that a court of law can try title. It has exclusive jurisdiction in condemnation proceedings.

The complainants can raise the question of incidental damages in their answer to the petition for condemnation. Since the statute provides that the jury of view shall not only award compensation for the land taken, but incidental damages to the land not taken, we see no necessity for filing a cross-bill. However, in 20 C. J., 962, it is said: ''So where a landowner files a cross-petition for an award of damages to land not taken, the original petitioner, by an appropriate pleading, may contest the allegation of ownership.''

Where the title is thus questioned, the proper practice would be for the court to determine the title in advance of the assessment of damages, just as he would determine the right to take and the necessity for taking. 20 C. J., 973. Either party would be entitled to a jury to pass upon the issue of title.

In 20 C. J., 997, note (c), it is said:

''In Canada the proper practice is to have the title settled before the assessment of damages, so that it will be certain that the arbitrator has the right claimants before him and the compensation may be properly fixed. *Lewis Miller & Co., Ltd.*, v. *Halifax Power Co., Ltd.*, 48 N. S., 370, 24 Dom. L. R., 29.''

A general practice prevails in this State of settling preliminary questions before assessing damages or ordering an accounting. It is a common practice to try title

to land or have a controverted boundary line located and then have damages assessed for trespass to the freehold.

Chapter 18 of the Acts of 1925, contemplates the acquisition of all.the property in the vicinity of complainants' lands. If complainants have the better title to the two sloughs, and that was determined in advance of assessing damages, defendants would most likely amend their petition so as to condemn in one suit the entire tract, which would eliminate the question of incidental damages. On the other hand, if the State was adjudged the owner of the two sloughs, then complainants would be entitled to no incidental damages.

Since complainants must recover all damages in one. suit, if they did not assert their claim in the pending condemnation suit, they would be thereafter barred, even though they should be subsequently adjudged the owners of the sloughs.

So that, in any aspect of the cause, we are of the opinion that, in justice to all parties, the question of title, if raised, should be first adjudged; and it is not seriously insisted that the circuit court is without jurisdiction to determine it.

Entertaining these views, as to the proper practice, we see no reason for having the question of title determined by the chancery court, even though it be conceded that such a suit can be maintained against the State, a question unnecessary to decide.

What we have said herein is in response to the insistence of complainants that they would be embarrassed in making their defense in a court of law.

The conclusions announced herein are determinative of the questions involved in the other causes of *T. O. Morris*

*et al.* v. *L. D. Smith, Attorney-General, et al.,* and *W. D. Howser* v. *L. D. Smith, Attorney-General, et al.*

It follows that the decrees of the chancellor, dismissing the three bills, will be affirmed.