GEORGIA INDUSTRIAL REALTY CO. *et al.*, COMPLAINANT, APPELLANTS, *v.* CITY OF CHATTANOOGA, DEFENDANT, APPELLEE.*

(*Knoxville,* September Term, 1931.)

Opinion filed December 5, 1931.

*As to injunction against illegal taking, see 10 R. C. L., 228-230; R. C. L., Perm. Supp., p. 2680; R. C. L., Pocket Part, title Eminent Domain, section 193.

On inadequacy of legal remedy as affording ground of relief, see 14 R C. L., 339 et. seq.; R. C. L., Perm. Supp., p. 3590.

436

J. A. Susong, Cooke, Swaney & Cooke and John B. Hyde, for complainant, appellants.

B. E. Tatum and J. W. Anderson, for defendant, appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

The chancellor sustained a demurrer to the original bill filed by the complainants, and from the decree dismissing their bill complainants have appealed to this court.

The prayer of the bill is that the City of Chattanooga be permanently enjoined from further prosecuting a proceeding to condemn property of complainants for a public street; that the proceedings and attempted condemnation be declared illegal, unconstitutional and void; and that the proceedings for condemnation be removed as a cloud upon the title of the complainants to their property. There is also a prayer for a construction of certain sections of the Private Acts of 1929, chapters 150 and 793, relating to the power and duties of the City of Chattanooga in the matter of the proposed street.

The first, second and third grounds of the demurrer are that the complainants have an adequate remedy at law for all the alleged grievances set up in their bill, so that they are not entitled to equitable relief with respect thereto; that the chancery court is without jurisdiction to entertain or determine the questions sought to be made in the bill; and that the chancery court is without jurisdiction of the condemnation proceeding, and without jurisdiction to enjoin the City of Chattanooga from exercising its power of eminent domain.

The decree entered by the chancellor is general, sustaining the demurrer without reference to any of the particular grounds thereof. Being of the opinion that the grounds stated are determinative, we deem it unnecessary to set out the demurrer in full.

The complainants are a realty company and two railroad corporations. The proposed street will cross the rights of way of the two railroad corporations, and the property of the realty company.

The bill recites the institution by the city of the condemnation proceedings under section 1388 *et seq.* of the Code of 1858 (Shannon's Code, sections 1981 *et seq.*) as

amended by Acts 1925, chapter 31; the appointment and report of a jury of view as to damages; the filing of protest on the part of the complainants against the proceedings and against the report of the jury of view, and the overruling of such protests; notice by the city that possession of the property condemned was desired; and the perfecting of an appeal by the complainants to the circuit court.

The bill asserts that the legislative board of the city has construed Private Acts of 1929, chapter 150, as mandatorily requiring the opening of the street at the location proposed; that this construction of the statute is erroneous, and that therefore the city has not exercised its legislative discretion in locating the street; that said chapter 150 was repealed by implication by Private Acts 1929, chapter 793; that the proposed location of the street is wholly useless and unnecessary, and could only be constructed by excavating an underpass on the railroad right of way at an estimated cost of $125,000, for which the available funds are wholly insufficient; that there already exist five underpasses within a distance of four blocks, one of which would accommodate the proposed street by a deviation in route which would lengthen the distance only 265 feet, so that the proposed expense is a useless waste of public funds; that it is proposed to condemn only an easement across the railroad right of way, and that the condemnation of such an easement would not authorize or empower the city to excavate for the necessary underpass; and that the right to condemn the particular easement should be denied because the land proposed to be taken is already devoted to a prior inconsistent public use, and there is no express legislative authority to subject it to a different public use. The juris-

440

diction of the court under the declaratory judgment law is invoked to construe the Private Acts of 1929, above referred to.

It is manifest that all of the defenses to the condemnation hereinabove recounted are available to the complainants on their appeal to the circuit court, since on such appeal the hearing is *de novo,* and the city cannot succeed except upon a judgment of that court sustaining its right to condemn the particular land or easement in controversy. *Hombra* v. *Smith,* 159 Tenn., 308; *Tennessee Central Railroad Co.* v. *Campbell,* 109 Tenn., 640; *Quarles* v. *Albert,* 2 Tenn. Chy. App., 714.

The only averments of the bill which tend to assert irreparable injury to the complainants, if injunctive relief in this proceeding is denied, are that the city, having deposited with the city clerk the amount of the award of damages made by the jury of view, now proposes to take possession of the property of the complainants, which they have the right to do, notwithstanding the appeal of the complainants to the circuit court, under Public Acts of 1925, chapter 31; and that the complainants, if they should refuse to surrender possession pending the final determination of their appeal, would subject themselves to a cumulative daily fine and a multiplicity of suits for the enforcement thereof, under chapter 31 of the Acts of 1925.

Complainants assert on their brief in this Court that "it is too well settled to admit of controversy that the chancery court has jurisdiction to enjoin the appropriation of property not subject to condemnation." The brief, however, cites only one Tennessee case in which a bill for such relief was entertained. *Railroad* v. *Union City,* 137 Tenn., 491. The opinion in that case fails

to disclose that any question was made as to the jurisdiction of the chancery court at any stage of the proceeding.

Complainants cite *Osborne & Company* v. *Missouri Pacific R. Co.*, 147 U. S., 248, 37 L. Ed., 155, from which is quoted: "Equitable jurisdiction may be invoked in view of the inadequacy of the legal remedy where the injury is destructive or of a continuous character or irreparable in its nature;" etc.

This authority clearly recognizes the absence of equitable jurisdiction to interfere with or suspend an action at law for the condemnation of property, except when the legal remedy is inadequate and the equitable relief is necessary to prevent injury destructive or irreparable in its nature. In the absence of such necessity for equitable relief the bill in equity does not lie. *Dixon* v. *Railroad Co.*, 115 Tenn., 362; *Hombra* v. *Smith, supra.*

██ The prayer for declaratory relief, in the matter of the construction of the special statutes affecting the proceeding, is not sufficient to invoke the jurisdiction of the chancery court, to the prejudice of the proceeding at law. *McFarland* v. *Crenshaw*, 160 Tenn., 170, 175.

██ The rights of the parties are controlled by sections 1390 and 1391 of the Code of 1858, as amended by Acts 1925, chapter 31. We quote these sections as amended:

"Section 1390: If any owner of land thus condemned shall refuse or fail to give possession of such land to the municipality or to open the street, alley or common, so condemned, within fifteen days after the order of the administrative officer or officers of such municipality, then such owner may be fined not less than Five, nor more than Fifty Dollars for such failure and refusal, and

each 'and every day of such failure and refusal shall be deemed a separate offense, provided, however, that if the owner of land thus condemned contests the right or legality of such condemnation then the obligation to surrender possession to the city and the liability for fine for failure so to do shall not obtain until such question of the right or legality of such condemnation shall be finally determined; and any municipal court shall have jurisdiction over such offenses. This remedy is not exclusive, but is in addition to the right of such municpality to take possession as owner of such condemned land and to open the street, alley or common.''

''Section 1391: Any owner aggrieved by such opening of the street, alley or common, may appeal to the circuit court within twenty days after the administrative officer or officers of such municipality have ordered the street, alley or common to be opened and possession delivered; provided that any such appeal shall not operate to prevent the municipality from taking possession of the land condemned, nor stay the opening or extension of any such street, alley or common.''

These amended sections were construed in *Nashville* v. *Dad's Auto Accessories,* 154 Tenn., 194, 285 S. W., 52, wherein it was held that the property owner's obligation to surrender possession to the condemnor, created by the amended section 1390, with liability to cumulative fines consequent upon refusal, is suspended during the pendency of legal contest of the right to condemn or the legality of the particular condemnation. The bill before us does not aver that the city has indicated any intention or purpose to subject complainants to suits for such penalties under section 1390, and the averments of the

bill clearly absolve complainants from liability therefor; so that there appears no necessity for injunctive relief for the protection of complainants against a multiplicity of suits.

If, therefore, complainants are interfered with in the possession of their property pending the condemnation suit, it will be under process issued by the circuit court in which their appeal from the city's order of condemnation is pending. If possession is not voluntarily surrendered by the landowner, the city can only enter under legal process. Section 1391 of the Code of 1858, as above quoted, directs that such appeal "shall not operate to prevent the municipality from taking possession of the land condemned, nor stay the opening or extension of any such street or alley." The construction given to this language of the statute in *Nashville* v. *Dad's Auto Accessories, supra,* is that it "negatives the right or power to 'stay the opening or extension' pending the disposition of the question of compensation to the owner, or of incidental issues." The two code sections, as amended by the Act of 1925, were thus harmonized and an apparent conflict avoided.

The rule of procedure to be drawn from the statute, as thus construed, is that the appeal from the city's order of condemnation does not of itself vacate the order, or postpone the city's right to entry and possession pending final adjudication of questions involving the payment of compensation or of other incidental issues; but if the appeal of the property owner involves a *bona fide* contest of the right or legality of the condemnation, his obligation to surrender possession under penalty of cumulative fines is postponed until final determination of

such contest; and a writ of possession awarded on such an appeal without an adjudication of the contested right and legality of the condemnation would be subject to review by the writ of *supersedeas* from an appellate court. *Lowell* v. *Thompson,* 130 Tenn., 311, 170 S. W., 153.

If the writ of possession is awarded after adjudication of the right and legality of the condemnation, the action of the circuit court is subject to review by the writs of *certiorari* and *supersedeas,* as in *Railroad* v. *Campbell,* 109 Tenn., 640.

These writs have been found to afford prompt and adequate relief and protection to property owners in condemnation suits, and their established usage demonstrates the adequacy of complainants' remedies in the court of law, the jurisdiction of which complainants had already invoked by their appeal when the bill herein was filed.

The chancellor declined to entertain jurisdiction of the suit, and his decree dismissing the bill will be affirmed, at complanants' cost.