LIFE AND CASUALTY INSURANCE COMPANY, COMPLAINANT, APPELLANT, *v.* J. A. CLARK *et al.*, DEFENDANTS, APPELLEES.

(*Knoxville*, September Term, 1932.)

Opinion filed November 26, 1932.

M. P. ESTES and SIZER, CHAMBLISS & KEFAUVER, for complainant, appellant.

TATUM, ANDERSON & TATUM, for defendants, appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a bill in equity, to enjoin execution of a judgment at law, on the ground that the judgment is void because rendered without evidence to support or authorize it. The Chancellor dismissed the bill on demurrer, and complainant appealed.

The bill recites that the defendant, Clark, sued complainant at law for damages for personal injuries inflicted by one alleged to have been complainant's agent; that complainant's liability depended upon the fact of the wrongdoer's agency to act for it and no evidence of such agency was offered; that the judgment rendered against complainant by the circuit court, affirmed by the Court of Appeals, was therefore without evidence to support it and was void. The bill admits that the courts in which said judgment was rendered and affirmed had jurisdiction of the subject matter of the suit, and of the parties, but contends that said courts were without jurisdiction to render the judgment against complainant, because of the absence of any evidence to support it.

Complainant particularly contends by its bill and by assignments of error in this court, that to enforce such judgment by execution would operate to deprive it of its property without due process of law, in violation of

its rights under the Fourteenth Amendment to the Constitution of the United States.

For demurrer, the defendant says the final judgment sought to be enjoined is a final and conclusive adjudication of the fact of complainant's liability for the amount adjudged, and of the facts pleaded in the action at law as creating such liability; and that the chancery court is without jurisdiction to review the sufficiency of the evidence upon which the judgment was rendered against it.

Notwithstanding the truth of the demurrer has seemed obvious, we have examined with care the many authorities cited by complainant as sustaining its contention. None of them would authorize a decree sustaining the bill. Our own cases sustain the demurrer. *Thoms* v. *King,* 95 Tenn., 60, 66; *Martin* v. *Porter,* 51 Tenn. (4 (Heisk.), 407, 416; *Greenlaw* v. *Kernahan,* 36 Tenn. (4 Sneed), 371, 380; *Kindell* v. *Titus,* 56 Tenn. (9 Heisk.), 727, 735.

We quote from *Martin* v. *Porter, supra*: ". . . and whether the court made its decree without any proof, or upon proof illegally taken, are matters which cannot be inquired into by another court of concurrent jurisdiction, but only by a revising court, on appeal or writ of error, or in a proper case, perhaps, on bill of review, where the decree is made by a Court of Chancery."

We think there is no necessity for a discussion of principles sustaining and justifying a rule of practice, so long enforced by the courts and acquiesced in by the bar.

It is a mere twisting of words to say that a court, vested with jurisdiction of the parties and of the suit made by the pleadings, is without jurisdiction to render

its judgment because, in the opinion of some other court of concurrent jurisdiction, it had no evidence before it to support the particular judgment rendered. In such a case, jurisdiction includes the power to find the facts well pleaded, as disclosed by the evidence, and in the case before us, the judgment sought to be impeached is a judicial finding of proof of the fact that Clark was injured by the wrongful act of one who was acting as complainant's agent. If there was no evidence to support such finding, the judgment was erroneous, but it was not void.

On every appeal in the nature of a writ of error, in civil cases, an assignment of error may be made that the trial court erred in overruling a motion for a directed verdict, on the ground that there was no evidence to support a contrary finding. If complainant's opinion here is well taken, the adverse judgment of the law courts on every such assignment of error would be subject to review by bill in equity. And if the chancery court, in the case before us, should differ with the findings of the Court of Appeals, an appeal would again present to the Court of Appeals the identical question it had decided on the same record in the action at law. To require litigants to pursue such a treadmill for the determination of a question of fact would be a reproach on our system of law.

Jurisdiction of the chancery court in this case is not denied on the ground that the complainant, deprived of its property by a judgment unsupported by evidence, is without a remedy. Complainant is repelled because it has had its day in court, and the question of its responsibility for Clark's injury has been adjudicated by a court vested with jurisdiction of the parties and sub-

ject matter, so that it is no longer open to controversy. Complainant's averment that the judgment was rendered without evidence to support it, is overcome and refuted by the presumption of law which imputes to the judgment accuracy and regularity. A decree by the chancery court that the law courts rendered judgment without evidence, would be entitled to no more weight than the prior determination by the law courts that the evidence before them established the facts upon which their judgments were rendered. Complainant is denied nothing except the privilege of litigating a second time about a question of fact which in the first litigation was fairly and conclusively determined against it. In this there is no absence of due process of law.

The decree of the Chancellor, dismissing the bill, is affirmed.