CITY OF MARYVILLE

*v.*

P. A. WATERS and WIFE, MARY ADA WATERS and

PROFFITTS, INC.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

Rehearing Denied October 7, 1960.

GODDARD & GAMBLE, Maryville, for appellant.

ROM MEARES, Maryville, for appellees.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This appeal involves the question of the refusal of the trial court to restore this case to the docket for the purpose of determining who is entitled to the sum of $320, paid into the Registry of the Court, which was the amount awarded by the Jury of View in a condemnation case instituted by the City of Maryville.

It seems that the City instituted a condemnation proceeding against P. A. Waters and wife Mary Ada Waters and Proffitts, Inc. for the purpose of condemning for street purposes a narrow strip of land fronting on Cusick Street in Maryville for the purpose of widening said Street.

The defendants P. A. Waters and wife, and Proffitts, Inc., were owners of contiguous land along this street. It seems that there is a question as to what part of this $320 should be paid to Waters and wife and what part to Proffits, Inc., on account of the location of the boundary between the parties.

The proceedings were regular and the amount above referred to is in court at Maryville.

On October 29, 1959, Proffitts, Inc., filed a motion requesting the court to restore the case to the active docket and to set the same for hearing to determine the true and lawful owner of the property condemned and to determine who should receive this money.

During the interim between the time the Jury of View's report was confirmed and August 30, 1955 and the time the motion to restore the case to the active docket was made on October 28, 1959, both Mr. and Mrs. Waters had

died and the case was revived in the name of Carl Waters, who qualified as executor of each of the will and entered his appearance in the case through his attorney.

The trial court was of the opinion that he had no jurisdiction to settle the rights of the parties to this money.

In this we think the trial court erred. He had inherent jurisdiction to determine the ownership of the strip of land condemned by the City as between Proffitts, Inc. and Waters. The trial court has the inherent jurisdiction to take such steps as will finally determine all the matters involved in this suit and to determine the application of the money held by the court.

In 14 Am.Jur., Courts, Section 170 at page 370 it is said:

"170. Duration of Jurisdiction.—Ordinarily, the jurisdiction of a court over both subject matter and parties, once fully attached in a cause, continues until all issues, in other words, until complete relief is afforded within the general scope of the subject matter of the action."

In 14 Am.Jur., Courts, Section 174, at page 374, again this same test contains this statement:

"Every court out of which process is issued has general superintending power over moneys collected thereon, and it is not essential to the due exercise of the power that the court should have jurisdiction over the persons of the parties having conflicting claims by their being parties to the record in a suit pending in court."

21 C.J.S. Courts sec. 87, p. 135 recognizes this principle with the use of the following language:

"It is the policy of the courts to determine the entire controversy between litigants. Accordingly, jurisdiction carries with it the power to hear and determine every issue or question properly arising in the case, to do any and all things with reference thereto authorized by law, and to grant full and complete relief. Thus a court acquiring jurisdiction of property may determine all questions relative to the title, possession, and control thereof."

In this connection see *Atkinson v. Cooper,* 21 Tenn. 361.

The general principle is recognized in the recent case of *Carver v. Anthony,* 35 Tenn. App. 306, 245 S.W.2d 422.

The general power of a city to condemn property for the purpose of widening streets is set out in Tennessee Code Annotated as follows:

"6-1007. Condemnation for streets.—Wherever any municipal corporation shall seek to condemn lands to be used in establishing, widening, extending, or otherwise improving its public streets, alleys, highways, parks, parkways, or boulevards, it shall have full power to condemn the fee of the land necessary to be taken, by paying the fair cash market value thereof to be fixed in the manner provided by law where private property is taken for public use."

It was decided in the case of *Hombra v. Smith,* 159 Tenn. 308, 17 S.W.2d 921, that not only has a court of law the right to decide title in condemnation cases but that it has the exclusive jurisdiction to do so.

Again it is provided in Section 23-1523 T.C.A. as follows:

"23-1523. Award and judgment. The award or verdict, as the case may be, shall have respect, either to the entire and unencumbered fee, or to any separate claim against the property or interest therein as may be ordered, and may be molded under the direction of the court so as to do complete justice and avoid confusion of interests; and it shall be within the power of the court, upon payment of the award or verdict into the registry of the court, to adjudge a condemnation of the title as sought in the petition, and give such direction as to the disposition of the fund as shall be proper, according to the rights of the several defendants, causing such pleadings to be filed and such issues made up as shall be appropriate for the ascertainment and determination of such rights."

When we construe the Municipal Condemnation Statutes to be cumulative with all the other condemnation laws of the State, we are of the opinion that the trial judge not only had the authority but the duty to set this matter down for a hearing and require the parties to each file appropriate pleadings to raise the issues for the appropriate determination of the rights of the parties.

This Court in *Chaffin et al. v. Robinson et al.*, 187 Tenn. 125, 213 S.W.2d 32, 34, said:

"This Court held in the Newman case, supra, (48 Tenn. 787) that 'in all cases where it becomes necessary, in the exercise of its jurisdiction, to the proper enforcement of the orders, judgments or decrees of the Court, that facts should be ascertained, the Court has the power, as a necessary incident to its organization as a court, and under the provisions of the Code, as to the enforcement of its judgments and the adoption

of rules of practice, to have such facts ascertained, either by ordering a jury to be summoned, or by referring the matter to its Clerk for taking proof and making a report, as the circumstances of each case may indicate.' "

Therefore it results that we are of the opinion that the trial judge was in error in striking the motion and that the case is reversed and remanded for further and appropriate proceedings consistent with this opinion.