FRANK ROBINSON

*v.*

J. M. EASTER.

(*Knoxville,* September Term, 1960.)

Opinion filed March 10, 1961.

WALTER FULLER, Oak Ridge, GERALD LARGEN, Harriman, for complainant-appellant.

LADD & QUALLS, Harriman, for defendant-appellee.

Mʀ Jᴜꜱᴛɪᴄᴇ Fᴇʟᴛꜱ delivered the opinion of the Court.

This is a bill in equity, to enjoin an unlawful detainer suit before a Justice of the Peace. The gist of the case stated by the bill was that complainant was in possession, as lessee, of a storehouse under an oral lease for a year, and that defendant, the lessor, denied this lease and sued complainant for possession in the unlawful detainer suit. A temporary injunction issued.

Defendant demurred to the bill upon the grounds, among others, that it showed complainant had an adequate remedy at law, that it showed that the same matter (the question of the lease) was being litigated by the same parties in the unlawful detainer suit before the justice, that court having first obtained jurisdiction of the subject matter and of the parties.

The Chancellor entered a decree sustaining the demurrer, dissolving the injunction, and dismissing the bill. The complainant has appealed and has assigned a number of errors, but all of them are directed to the question whether the Chancellor erred in sustaining the demurrer and dismissing the suit.

■ We think the Chancellor properly sustained the demurrer. The only basis of the bill was complainant's claim of an oral lease of the premises for a year. If he in fact had such a lease, it was valid and would be a perfect legal defense to the unlawful detainer action. The bill did not allege any special ground for equitable relief or any reason why this legal defense could not be presented in the unlawful detainer suit.

■ The bill showed that its subject matter was a mere legal controversy, and that jurisdiction of such subject matter and of the parties had been first acquired by the Justice of the Peace in the unlawful detainer suit. Jurisdiction of an unlawful detainer action is in a Justice of the Peace (T.C.A. secs. 19-301(7), 23-1607), or the Circuit Court (T.C.A. sec. 23-1608), or in the Chancery Court. 2 Crownover's Gibson's Suits in Chancery (5th ed.), sec. 1092.

■ Thus, the case made by the bill was one of concurrent jurisdiction of the law courts and of the Chancery Court. In such a case, the court which first takes jurisdiction thereby acquires exclusive jurisdiction of the case, and a demurrer will lie upon that ground. 1 Crownover's Gibson's Suits in Chancery (5th ed.), sec. 301. That work states the rule thus:

"Prior to the Act of 1877 [now T.C.A. sec. 16-602], increasing the jurisdiction of the Chancery Court, the most common ground of demurrer in that Court was that 'the complainant had a plain, adequate, and complete, remedy at Law;' but since that Act, this ground of demurrer has almost ceased to exist, except in so far as it may be applicable to bills filed to probate wills, *to enjoin suits or executions at law,* or otherwise re-

lieve against proceedings, suits, judgments, or executions, at Law. Where the jurisdiction of the Chancery and Circuit Courts is concurrent, the Court that first takes jurisdiction thereby acquires exclusive jurisdiction in that particular case; and *if the bill should show that the Circuit Court had acquired jurisdiction, in such a case a demurrer would lie, on that ground"* (italics ours).

The same authority, enumerating cases not proper for injunctive relief, says:

"The Chancery Court will not grant an injunction (1) to stay proceedings in a criminal proceeding; nor (2) to stay proceedings on a mandamus, information or writ of prohibition; nor (3) to stay proceedings on an award in a Court of Law, except for fraud, accident, or mistake; *nor* (4) *to stay any* proceedings in a suit in a Court of Law, *unless there be some special ground for equitable relief not equally available in the latter Court* * * * (italics ours) (2 Crownover's Gibson's Suits in Chancery (5th ed.), sec. 871).

█ The principle that equity will not enjoin a suit at law, unless there be some special ground for equitable relief not equally available in the law court, has been applied in a number of cases, and demurrers sustained to such bills. *Dixson v. Louisville & N. R. Co.*, 115 Tenn. 362, 89 S.W. 322; *Hombra v. Smith,* 159 Tenn. 308, 17 S. W.2d 921; *Georgia Ind. Realty Co. v. Chattanooga,* 163 Tenn. 435, 43 S.W.2d 490; *Life & Cas. Ins. Co. v. Clark,* 165 Tenn. 219, 54 S.W.2d 965.

It is true that the first three of the above cited cases were suits in which it is sought to enjoin condemnation proceedings; but the governing principle was not limited

to condemnation proceedings but applies to any action at law.

For these reasons, all of the assignments of error are overruled, and the decree of the Chancellor is affirmed. The costs of the appeal are adjudged against appellant and the sureties on his appeal bond.

Affirmed.