# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**December 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

STATE OF TENNESSEE o/b/o      )
JUANITA WHITEHEAD,      )
     )
      Plaintiff/Appellee,      )    Wayne Chancery
     )    No. 8006
     )
VS.      )    Appeal No.
     )    01A01-9511-CH-00538
     )
MATTIE (WHITEHEAD) THOMPSON,      )
     )
      Defendant/Appellant.      )

APPEAL FROM THE CHANCERY COURT FOR WAYNE COUNTY
AT WAYNESBORO, TENNESSEE

THE HONORABLE JAMES L. WEATHERFORD, CHANCELLOR

For Plaintiff/Appellee:                For Defendant/Appellant:

John Knox Walkup                      David Kozlowski
Attorney General and Reporter         Columbia, Tennessee

James H. Tucker, Jr.
Assistant Attorney General

## REVERSED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves a trial court's authority to enter and enforce a child support award when proceedings involving the child were already pending in another court. After the Wayne County Juvenile Court gave custody of the child to the State in a dependent and neglect proceeding, the Department of Human Services filed separate petitions in the Chancery Court for Wayne County seeking to require the child's divorced parents to pay child support. The trial court directed both parents to pay child support to the State. After the State's repeated efforts over five years to require the mother to pay child support, she questioned the trial court's subject matter jurisdiction because the dependent and neglect proceeding was still pending in the juvenile court. The trial court denied the mother's motion to dismiss, and on this appeal, the mother renews her claim that the trial court should have deferred to the juvenile court. We agree and, therefore, reverse the order denying the mother's motion to dismiss.

## I.

Mattie Ella Whitehead Thompson and Jerry Wayne Whitehead were married in 1979. Their only child, a daughter, was born in October 1981. In April 1989, the Chancery Court for Wayne County awarded Ms. Thompson a divorce, granted her custody of her daughter, and directed Mr. Whitehead to pay child support. Ms. Thompson later remarried for the fourth time.

On October 2, 1990, Buddy R. Smith, Ms. Thompson's son from an earlier marriage, and his wife filed a petition for temporary custody in the Juvenile Court for Wayne County alleging that Ms. Thompson was endangering his half-sister's welfare by not providing her with proper care.[1] Three days later, the Smiths, Ms. Thompson, and Mr. Whitehead executed and filed a consent order in the juvenile court permitting the Smiths to take temporary custody of the child. Less than one year later, Ms. Thompson filed her own petition in the juvenile court alleging that the Smiths were

---

[1] The Smiths' petition does not technically comply with Tenn. R. Juv. P. 9 because it does not allege specifically that the child was "dependent and neglected." However, the substance of the petition indicates that the Smiths were asserting that the child was dependent and neglected because Ms. Thompson was not providing proper care. *See* Tenn. Code Ann. § 37-1-102(b)(12)(C) (1996).

neglecting her daughter. On November 1, 1991, the juvenile court entered an order finding the child to be dependent and neglected and placing her in the custody of the Department of Human Services. The child has been in foster care ever since.

Soon after the juvenile court placed the child with her half-brother, the Department filed separate petitions in the chancery court seeking to require both Ms. Thompson and Mr. Whitehead to pay child support.[2] On November 8, 1990, the chancery court entered separate orders against Ms. Thompson and Mr. Whitehead directing them to pay the Department $25 per week in child support. On at least four occasions during the next four years, the Department returned to the chancery court seeking orders directing Ms. Thompson to continue to pay her support and to make up for arrearages. On each occasion, the chancery court entered an order resolving the issues raised by the petition.

On April 19, 1995, Ms. Thompson, now being represented by an attorney with the Legal Services of South Central Tennessee, moved to dismiss the pending "child support enforcement matter" in accordance with Tenn. R. Civ. P. 12.02(1) and 12.08 on the grounds that the chancery court did not have jurisdiction to address support matters because the dependent and neglect proceeding was still pending in the juvenile court. On June 12, 1995, the chancery court entered an order denying the motion on the ground that it had authority to order Ms. Thompson to pay child support "even while the dependent/neglect case is pending in the Juvenile Court for Wayne County." Ms. Thompson has appealed from this order.

## II.

The sole question before us on this appeal is whether the chancery court has authority to order Ms. Thompson to pay child support. While undoubtedly the

---

[2]These petitions have not been included in the appellate record. Based on the representation in the parties' briefs, we presume that the Department had standing to assert these support claims because the child had been receiving AFDC support and because Ms. Thompson had assigned her support rights to the state as required by federal and state law. *See* 42 U.S.C. § 602(a)(26)(A) (1988); Tenn. Code Ann. § 71-3-124(a) (Supp. 1997).

chancery court has subject matter jurisdiction over child support claims in general, it did not acquire jurisdiction in this case because the juvenile court, a court with concurrent jurisdiction, had already acquired jurisdiction over the case.

## A.

The concept of jurisdiction involves a court's authority to adjudicate a particular controversy. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). In order to acquire jurisdiction, a court must have jurisdiction not only over the parties but also over the subject matter of the proceeding. The concept of subject matter jurisdiction concerns a particular court's authority to hear a particular type of case. *See Meighan v. U.S. Sprint Comm. Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988). It relates to the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred by the Constitution of Tennessee or by statute. *See Kane v. Kane*, 547 S.W.2d at 560; *Brown v. Brown*, 198 Tenn. 600, 618-19, 281 S.W.2d 492, 501 (1955).

When more than one court has been given jurisdiction to adjudicate a particular type of controversy, subject matter jurisdiction may also be influenced by matters of comity and judicial efficiency. Thus, when two courts have concurrent subject matter jurisdiction, the first court to acquire jurisdiction over a particular case takes exclusive jurisdiction to end the matter. *See American Lava Corp. v. Savena*, 476 S.W.2d 639, 640 (Tenn. 1972); *Robinson v. Easter*, 208 Tenn. 147, 149, 344 S.W.2d 365, 366 (1961); *Wilson v. Grantham*, 739 S.W.2d 776, 777 (Tenn. Ct. App. 1986). The actions of a court that attempts to exercise jurisdiction over a case after another court with concurrent jurisdiction has already exercised jurisdiction are nullities. *See State v. Hazzard,* 743 S.W.2d 938, 941 (Tenn. Crim. App. 1987).

These principles have been applied to situations where a court of record has attempted to act after a juvenile court had already exercised jurisdiction. The Tennessee Supreme Court has held that a juvenile court that finds a juvenile to be dependent retains jurisdiction over the child until its majority, and no other court may issue custody or any other type of order regarding the child without the consent of the

juvenile court.  *See Kidd v. State ex. rel. Moore*, 207 Tenn. 244, 251-252, 338 S.W.2d 621, 624-25 (1960).  Using similar reasoning, this court has determined that a court of record did not have jurisdiction to render custody orders with regard to children that were already the subject of a dependent and neglect proceeding pending in the juvenile court without the juvenile court's consent.  *See Arnold v. Gouvitsa*, 735 S.W.2d 458, 461-62 (Tenn. Ct. App. 1987).  We perceive no reason preventing the application of these precedents to child support proceedings.

## B.

Both the chancery court and the juvenile court have subject matter jurisdiction to render child support orders in the proper circumstances.  Chancery courts derive their authority from their divorce jurisdiction.  *See* Tenn. Code Ann. §§ 36-4-102(b), 36-5-101(a)(2)(A) (1996 & Supp. 1997).  Juvenile courts derive their authority from their jurisdiction over dependent and neglect proceedings.  *See* Tenn. Code Ann. §§ 37-1-104(d)(1), -151(a) (Supp. 1997).  However, a juvenile court's authority to require a parent to pay child support is limited to circumstances where another court with concurrent jurisdiction has not previously ordered the parent to pay child support.  *See* Tenn. Code Ann. § 37-1-151(b)(2).

The outcome of this appeal hinges on the answers to the following two questions: did the juvenile court have jurisdiction to order Ms. Thompson to pay child support as the result of the filing of the dependent and neglect proceeding and, if the juvenile court acquired jurisdiction, did it authorize the chancery court to proceed with the Department's petition to require Ms. Thompson to pay child support?  Under the facts in this record, we find that the juvenile court acquired jurisdiction to enter child support orders and that it has not authorized the chancery court to take jurisdiction over the Department's child support petition with regard to Ms. Thompson.

When the Smiths filed their dependent and neglect petition in October 1990, no other court had entered an order directing Ms. Thompson to pay child support. The only extant order was the chancery court's order in the divorce proceeding directing Mr. Whitehead to pay child support to Ms. Thompson.  That order did not

involve Ms. Thompson, and the facts that later gave rise to the Smiths' dependent and neglect proceeding were not at issue in the divorce proceeding. Thus, once the juvenile court acquired subject matter jurisdiction over the dependent and neglect petition, it had the jurisdiction and duty to enter child support orders in accordance with Tenn. Code Ann. § 37-1-151(b)(2).

Once the juvenile court acquired jurisdiction in the dependent and neglect proceeding, it retained jurisdiction over all related matters involving the child until the child's majority. Since the record contains no indication that the juvenile court authorized the chancery court to entertain the Department's petition to require Ms. Thompson to pay child support, we conclude that the chancery court should not have entertained this petition.[3] Because the chancery court did not have subject matter jurisdiction over the Department's request for child support from Ms. Thompson, all of its orders with regard to her child support are void.

Our determination that the chancery court did not have subject matter jurisdiction to order Ms. Thompson to pay child support does not necessarily mean that Ms. Thompson is entitled to recover the child support payments she has already made. Parents have a common-law obligation to support their minor children. *See Smith v. Gore*, 728 S.W.2d 738, 750 (Tenn. 1987); *Hall v. Jordan*, 190 Tenn. 1, 11, 227 S.W.2d 35, 39 (1950). The payments that Ms. Thompson has already made fulfill this common-law obligation, and therefore, she is not entitled to recover them. However, as a prospective matter, the Department may no longer rely on the chancery court's November 8, 1990 order as a basis to demand child support from Ms. Thompson. It must either seek an award for child support from the juvenile court or it must obtain the juvenile court's authorization to proceed against Ms. Thompson for child support in the chancery court.

### III.

---

[3]Of course, the chancery court had jurisdiction to consider the Department's petition to require Mr. Whitehead to pay child support because the chancery court was the first court to require Mr. Whitehead to pay child support and because the juvenile court did not have jurisdiction over Mr. Whitehead's child support obligation.

We vacate the order denying Ms. Thompson's motion to dismiss and remand the case to the trial court for further proceedings consistent with this opinion. We also tax the costs of this appeal to the State of Tennessee.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE