IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 19, 2008

## JENNIFER MCCLAIN SWAN v. FRANK EDWARD SWAN

**Appeal from the Circuit Court for Knox County**
**No. 105006     Bill Swann, Judge**

---

**No. E2007-2265-COA-R3-CV  - FLED SEPTEMBER 24, 2008**

---

Jennifer McClain Swan ("Mother") and Frank Edward Swan ("Father") were divorced in March of 2006 in Knox County Chancery Court ("Chancery Court"). The parties have two minor children born of the marriage ("the Children"). In October of 2006, Mother obtained first an Ex Parte Order of Protection against Father and then a Bridging Ex Parte Order of Protection from the Fourth Circuit Court for Knox County ("Circuit Court"). Over the next few months, Mother filed multiple petitions for contempt alleging that Father had violated the Order of Protection. After a hearing, the Circuit Court entered an order finding and holding, *inter alia*, that Father had violated the Bridging Order of Protection a total of forty-four times, that Father would serve time in the Knox County Penal Farm, that Mother had a no-contact Order of Protection against Father for ten years, and that Mother would be allowed to relocate outside the state of Tennessee without having to reveal her address to Father. The Circuit Court also entered a modification of the Chancery Court's Permanent Parenting Plan that, *inter alia*, named Mother the primary residential parent and provided that Father would have co-parenting time with the Children only upon the recommendation and approval of Father's psychologist, the Children's psychologist, the Guardian Ad Litem, and the Court. Father appeals to this Court. We vacate the Permanent Parenting Plan entered by the Circuit Court and affirm the remainder of the Order of Protection.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated, in part; Affirmed, in part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Christopher D. Heagerty, Knoxville, Tennessee for the Appellant, Frank Edward Swan.

James S. Sharp, Jr., and Cecilia S. Petersen, Knoxville, Tennessee for the Appellee, Jennifer McClain Swan.

# OPINION

## Background

Mother and Father were divorced in March of 2006 in Chancery Court. At that time, the Chancery Court entered a Permanent Parenting Plan relating to the Children.

In September of 2006, Mother sought an Order of Protection in the Circuit Court against Father alleging, in part, that Father was demonstrating erratic and unstable behavior by Father making drive-byes at Mother's house, making harassing telephone calls to Mother and Mother's boyfriend, eavesdropping outside Mother's house, trespassing in Mother's house, and sending harassing text messages to Mother and her boyfriend. Mother's petition stated that the Children had not been physically affected by Father's behavior. The Circuit Court entered an Ex Parte Order of Protection and later a Bridging Ex Parte Order of Protection ordering Father to refrain from any contact with Mother.

Mother subsequently filed multiple petitions for contempt alleging that Father was in contempt of the Order of Protection for, among other things, telephoning her, coming to her home, and stealing her mailbox. The Circuit Court held a hearing in March of 2007 and entered an Agreed Order finding and holding, *inter alia*, Father was prohibited from contacting Mother, the Children were placed in the sole custody of Mother, Father was prohibited from having any contact with the Children "until recommended by Dr. Bruce Seidner and approved by this Court," and that "this matter shall be reset by the agreement of the parties after the Father undergoes a complete forensic psychological evaluation with Dr. Bruce Seidner." Father underwent an evaluation with psychologist Bruce Seidner, Ph.D. and then petitioned the Circuit Court for visitation with the Children.

In December of 2006, Mother filed a petition in Chancery Court seeking to modify custody. Father filed a motion requesting the appointment of a Guardian Ad Litem for the Children and a Rule 60 motion seeking to have the divorce set aside.

Mother filed several more petitions for contempt alleging that Father had violated the Order of Protection by, among other things, coming to Mother's house, calling Mother on the telephone, and removing or damaging security cameras and motion sensors at Mother's house. On September 19, 2007, the Circuit Court entered an order finding and holding, *inter alia*, that Father had violated the Bridging Order of Protection forty-four times, that Father already had served six days in jail and would serve an additional thirty-five days, that upon release from jail Father would serve ninety days with a tracking ankle bracelet, that Father was sentenced to one year in addition to the previous time served to be held in abeyance, that Mother had a ten year no-contact Order of Protection against Father, and that Mother would be allowed to relocate outside the state of Tennessee and would not be required to reveal her home address to Father. The September 19, 2007 order also entered a modified Permanent Parenting Plan that, *inter alia*, named Mother the primary residential parent and provided that Father would have co-parenting time with the Children only upon the recommendation of Father's approved psychologist, the Children's psychologist, and the

Guardian Ad Litem with the accord of all of these persons and the approval of the Court being required. Father appeals the September 19, 2007 order to this Court.

## **Discussion**

Although not stated exactly as such, Father raises one issue on appeal: whether the Circuit Court erred in modifying the Chancery Court's Permanent Parenting Plan.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

As pertinent to the issue raised by Father, Tenn. Code Ann. § 36-6-101 provides:

> (a)(1) In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit or to both parties in the instance of joint custody or shared parenting, or to some suitable person, as the welfare and interest of the child or children may demand, and the court may decree that suitable support be made by the natural parents or those who stand in the place of the natural parents by adoption. Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require.

Tenn. Code Ann. § 36-6-101(a)(1) (Supp. 2007).

Also as pertinent to the issue raised in this appeal, Tenn. Code Ann. § 36-6-217 provides:

> **36-6-217. Continuing jurisdiction of state courts – Jurisdiction to modify own decrees.** – (a) Except as provided in § 36-6-219, a court of this state which has made a child-custody determination consistent with this part has exclusive, continuing jurisdiction over the determination until:
>     (1) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

(b) A court of this state which has made a child-custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under § 36-6-216.

Tenn. Code Ann. § 36-6-217 (2005).

In the case now before us on appeal, the Chancery Court entered a Permanent Parenting Plan when it entered the parties' divorce decree. There is no argument that at that time the Chancery Court had jurisdiction over custody, visitation, and all related matters involving the Children. Under Tenn. Code Ann. § 36-6-217, the Chancery Court had continuing and exclusive jurisdiction to modify the Chancery Court's Permanent Parenting Plan, absent one of the statutorily enumerated circumstances, none of which apply in this case. Tenn. Code Ann. § 36-6-217(a) (2005).

In *State ex rel. Whitehead v. Thompson*, this Court discussed the issue of subject matter jurisdiction in cases involving minor children stating:

The concept of jurisdiction involves a court's authority to adjudicate a particular controversy. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). In order to acquire jurisdiction, a court must have jurisdiction not only over the parties but also over the subject matter of the proceeding. The concept of subject matter jurisdiction concerns a particular court's authority to hear a particular type of case. *See Meighan v. U.S. Sprint Comm. Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988). It relates to the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred by the Constitution of Tennessee or by statute. *See Kane v. Kane*, 547 S.W.2d at 560; *Brown v. Brown*, 198 Tenn. 600, 618-19, 281 S.W.2d 492, 501 (1955).

When more than one court has been given jurisdiction to adjudicate a particular type of controversy, subject matter jurisdiction may also be influenced by matters of comity and judicial efficiency. Thus, when two courts have concurrent subject matter jurisdiction, the first court to acquire jurisdiction over a particular case takes exclusive jurisdiction to end the matter. *See American Lava Corp. v. Savena*, 476 S.W.2d 639, 640 (Tenn. 1972); *Robinson v. Easter*, 208 Tenn. 147, 149, 344 S.W.2d 365, 366 (1961); *Wilson v. Grantham*, 739 S.W.2d 776, 777 (Tenn. Ct. App. 1986). The actions of a court that attempts to exercise jurisdiction over a case after another court with concurrent jurisdiction has already exercised jurisdiction are nullities. *See State v. Hazzard*, 743 S.W.2d 938, 941 (Tenn. Crim. App. 1987).

These principles have been applied to situations where a court of record has attempted to act after a juvenile court had already exercised jurisdiction. The Tennessee Supreme Court has held that a juvenile court that finds a juvenile to be dependent retains jurisdiction over the child until its majority, and no other court may issue custody or any other type of order regarding the child without the consent of the juvenile court. *See Kidd v. State ex. rel. Moore*, 207 Tenn. 244, 251-252, 338 S.W.2d 621, 624-25 (1960). Using similar reasoning, this court has determined that a court of record did not have jurisdiction to render custody orders with regard to children that were already the subject of a dependent and neglect proceeding pending in the juvenile court without the juvenile court's consent. *See Arnold v. Gouvitsa*, 735 S.W.2d 458, 461-62 (Tenn. Ct. App. 1987). We perceive no reason preventing the application of these precedents to child support proceedings.

*State ex rel. Whitehead v. Thompson*, No. 01A01-9511-CH-00538, 1997 Tenn. App. LEXIS 860, at **5-7 (Tenn. Ct. App. Dec. 5, 1997), *no appl. perm. appeal filed*.

Likewise, we perceive no reason preventing application of the precedents discussed to the case at hand. The Chancery Court obtained jurisdiction over the Children in custody matters during the parties' divorce action and it retained such jurisdiction. The Circuit Court would have had jurisdiction under Tenn. Code Ann. § 16-10-108 concurrent with the Chancery Court to enter a Permanent Parenting Plan with regard to the Children if the matter had been filed originally in Circuit Court rather than Chancery Court. However, once the Chancery Court obtained jurisdiction in matters involving the Children, jurisdiction remained in the Chancery Court unless and until jurisdiction was properly vested in another court.

Mother argues, in part, that the Circuit Court had jurisdiction to enter the Permanent Parenting Plan by virtue of Tenn. Code Ann. § 36-3-606, which provides, in pertinent part:

(a) A protection order granted under this part to protect the petitioner from domestic abuse, stalking or sexual assault may include, but is not limited to:

* * *

(6) Awarding temporary custody of, or establishing temporary visitation rights with regard to, any minor children born to or adopted by the parties;…

Tenn. Code Ann. § 36-3-606 (Supp. 2007).

The modified Permanent Parenting Plan entered by the Circuit Court awards complete custody and decision making for the Children to Mother and forbids Father from having any contact whatsoever with the Children absent the recommendation of Father's psychologist, the Children's psychologist, and the Guardian Ad Litem, and approval of the Court. However, the record on appeal is devoid of any evidence showing that entry of this modified Permanent Parenting Plan was

necessary to effectuate the Order of Protection. Mother admits in her petition seeking an order of protection that the Children had not been physically affected by Father's behavior. While the Circuit Court could have entered an order awarding temporary custody or establishing temporary visitation as necessary to effectuate the Order of Protection, the Circuit Court did not have jurisdiction to enter a modified Permanent Parenting Plan which effectively permanently modifies the Chancery Court's Permanent Parenting Plan.

Mother argues that the Circuit Court's modifications to the Chancery Court's Permanent Parenting Plan were only temporary in nature because the Circuit Court's order concerning the children was to be in effect only "until the Chancellor orders otherwise." We are not persuaded that this language contained in the Circuit Court's order made the modifications to the Chancery Court's Permanent Parenting Plan temporary. The Circuit Court's order made these changes permanent unless or until the Chancery Court at some later date modified them. In short, the changes were permanent unless later ordered otherwise by the Chancery Court. Virtually any order of a court involving custody, visitation or support of children is subject to later modification given the appropriate circumstances. While we are not unaware that the Circuit Court was faced with the task of making the best of what can only be described as a bad situation, that does not make its order modifying the Chancery Court's Permanent Plan any less permanent. The Circuit Court's language made the modifications permanent unless later modified by the Chancery Court.

Our Opinion in no way addresses or effects matters regarding custody or visitation brought before the Chancery Court, which retains jurisdiction to hear such matters. Rather, our Opinion addresses only the fact that the Circuit Court lacked jurisdiction to enter a permanent modification of the Chancery Court's Permanent Parenting Plan rendering such entry a nullity. *See State ex rel. Whitehead v. Thompson*, 1997 Tenn. App. LEXIS 860, at **6-7.

The Permanent Parenting Plan entered by the Circuit Court states that it is entered "by interchange for" the Chancery Court. As pertinent to this appeal, Tenn. Code Ann. § 17-2-202 provides:

> **17-2-202. Duty to interchange.** – (a) Each state trial court judge has an affirmative duty to interchange if:
>
> (1) A judge has died or is unable to hold court;
> (2) Two (2) or more judges have agreed to a mutually convenient interchange;
> (3) The judge is incompetent under the provisions of § 17-2-101; or
> (4) The chief justice of the supreme court has assigned by order a judge to another court pursuant to Supreme Court Rule 11.

Tenn. Code Ann. § 17-2-202(a) (Supp. 2007). The record is devoid of any showing that any of the statutory circumstances mandating interchange were present in this case. Further, the record is also devoid of any order or anything else showing how this "interchange" came about. A judge has an

affirmative duty to interchange under specified circumstances, but not the right to simply enter orders for another court by labeling them "by interchange."

The Circuit Court lacked jurisdiction to modify the Chancery Court's Permanent Parenting Plan. We, therefore, vacate the Permanent Parenting Plan as entered by the Circuit Court. We affirm the remainder of the Order of Protection.

## Conclusion

The modified Permanent Parenting Plan entered by the Circuit Court is vacated and the remainder of the Circuit Court's September 19, 2007 order is affirmed. This cause is remanded to the Circuit Court for collection of the costs below. The costs on appeal are assessed against the Appellee, Jennifer McClain Swan.

_____
D. MICHAEL SWINEY, JUDGE