Hugh S. Coyle, J.
This is a motion by defendants pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for judgment dismissing the complaint in the above-entitled action for a declaratory judgment, on the ground that plaintiff has an adequate remedy at law, and also under subdivision 3 of rule 107 of the said rules, on the ground that there is another action pending between the same parties for the same cause in the Supreme Court, New York County.
The action for a declaratory judgment, which will hereinafter be referred to as Action No. 1, was commenced in this court by the service of a summons and complaint on January 23, 1961. Thereafter and on January 27, 1961 the defendants commenced, in the Supreme Court, New York County, an action which will be hereinafter referred to as Action No. 2, by the service of a summons with notice but without complaint. The notice provided that should defendant fail to appear, judgment would be taken against it for $25,000 plus interest from November 3,1960.
*1064 The plaintiff in Action No. 1 is the landlord of defendants in that action and plaintiff’s complaint alleges that on or about November 28, 1955 it leased certain premises to defendant Diamond K. Markets C'orp. in Elmsford, N. Y., for use as a supermarket. In the complaint it is further alleged that in the Fall of 1960, plaintiff, at its own expense, and without prejudice to its rights under a lease agreement between the parties repaired a floor in the premises; that plaintiff ascertained that the condition of the floor in question was created through the neglect etc. of the defendants and thereafter plaintiff demanded reimbursement for the cost of the repairs, which- defendants refused. In addition it is claimed that defendants have contended that the repairs were the obligation of the plaintiff and that plaintiff is liable for damages sustained by defendants as a result of said condition. Action No. 1 is therefore in the nature of a declaratory judgment wherein the court is asked to declare the legal relations of the parties under the lease, and their rights, liabilities and duties flowing therefrom. Although no complaint has been served in connection with Action No. 2, defendants state they, ‘1 intend to allege in said action that plaintiff was under an obligation to repair said .floor at its own expense and to reimburse defendants for the damages sustained by them during the time consumed by such repair work.” In support of their motion, defendants claim that all the issues raised in Action No. 1 could be determined in Action No. 2, the latter action being one at law, and therefore the complaint in plaintiff’s action for a declaratory judgment should be dismissed.
It is not disputed by either of the parties hereto that the court has jurisdiction pursuant to section 212 of the Civil Practice Act, in the exercise of its discretion, to render a declaratory judgment. There is also no dispute as to what the issues in the actions are. What is argued is plaintiff’s right to the declaratory judgment action as opposed to an action at law. It is apparent from the papers submitted hereon that no action would have been commenced by defendants had not plaintiff commenced Action No. 1. The logic of this argument is sound. Defendants simply sat back and deducted the minimum monthly rent of $2,084 as it fell due on the first of each month, and applied same to the reduction of their asserted claim. Such action upon the part of the tenants made it necessary for the landlord to take action to resolve the controversy between the parties. There was no reason for the defendants to move; they were in possession of the premises and could not be disturbed without some affirmative action being taken by plaintiff. It is also significant *1065 that they commenced an action by the service of a summons only four days after plaintiff commenced its action.
This court is not unmindful of the fact that an action for declaratory judgment cannot be maintained where the matter sought to be adjudicated is the subject matter of another action pending, which when tried, will dispose of all issues involved in the declaratory judgment action. (Reynolds Metals Co. v. Speciner, 6 A D 2d 863.) However, here we have a situation in which the plaintiff had to pick and choose his best remedy. Plaintiff considered, as is outlined in its opposition, the various types of actions available and decided upon the within action for the reasons that it best suited its needs. It is not denied that other actions were available to plaintiff, but none of them afforded the results desired. Now defendants come forward and object on the ground that there is adequate remedy at law and upon the further ground that there is another action pending. The other action pending is the one commenced by the service of a summons and has been commenced in New York County. Not only might the time consumed in waiting for such an action, had it been commenced in Westchester County, worked an extreme hardship upon the plaintiff, but to have commenced the action in New York County would only cause further delay, all, in this case, to the extreme detriment of the plaintiff.
There is no rule of law which bars the court, in the exercise of its discretion from taking jurisdiction of an action for a declaratory judgment, even though another remedy exists by another form of action. (Woollard v. Schaffer Stores Co., 272 N. Y. 304.) The case at bar is of such a nature that the court feels that in the interest of justice and equity its discretion should be so exercised. Defendants’ motions are in all respects denied.