Samuel A. Spiegel, J.
This is a proceeding instituted by the landlord to dispossess the tenant and the undertenants. Landlord asserts that the tenant is “violating a substantial obligation of his tenancy other than the obligation to surrender possession of the housing accommodations above referred to in that said tenant has sublet and allowed and permitted other persons to take possession of the above housing accommodations without the landlord’s consent or permission.” The landlord further states that the preliminary notice required under sections 52 and 53 of the State Bent and Eviction Begulations (dispossess without certificate) has been given to both the tenant and the local rent office.
Landlord contends that the lease of February 8, 1961, contained the standard provision prohibiting subletting or assignment by the tenant without the permission of the landlord. Further, that approximately one month after the tenant moved in, he allowed his nephew, niece and their three children to occupy his apartment. This occurred some time in about March or April, 1961. Thereafter the landlord accepted rent for this apartment from the new occupants from March, 1961 up to July, 1962, when she refused to accept any further rent. The landlord states that the reason for her acceptance of the rents during this period was to afford an opportunity to the new occupants to find another apartment because she did not wish to put “ them on the street with three small children. ’ ’ The rent was paid by the undertenants but the rent receipts were made out to the tenant.
The landlord’s agent occupies a store in the very same premises where this transference of occupancy took place. As a matter of fact, the new occupants live directly over the store which is operated and conducted by said landlord’s agent. The landlord is the estate of Max Messinger. The original tenant, on the other hand, testified that he moved out in March or April, 1961, when his niece and nephew needed an apartment. They moved in and he left said apartment to them.
The questions before the court are: First, was the acceptance of the rent by the landlord with full knowledge of possession of said apartment by the new occupants a waiver of the covenant in *290 the lease against sublease or assignment? Second, did the landlord’s protests in spite of her acceptance, of the rent from the present occupant for over one year avert a waiver?
As to the question of waiver, where the landlord collected the rent for this apartment for over one year with knowledge of the change of identity and number of the new occupants, humane though her motives may have been then in not seeking to evict this family, nevertheless as a matter of law she waived her rights to this relief.
In the case of Woollard v. Schaffer Stores Co. (272 N. Y. 304, 312) it was similarly held by the Court of Appeals as follows: “ We agree with the Appellate Division that acceptance of rent by the landlord, after the acquisition of knowledge by him of the violation of the terms of the lease in subletting without the landlord’s written consent, constitutes a waiver of the forfeiture. [Cases cited.] ”
The mere fact that the landlord insists on issuing the rent receipts therefor in the name of the original tenant does not nullify the fact that she has waived the breach by accepting the rent from the undertenants (see 1 Rasch, Landlord and Tenant, §114).
In the case at bar the acceptance of rent with knowledge of the substituted tenancy constitutes a waiver of the covenant against subletting. (Natanson v. Gavaert Co. of America, 96 N. Y. S. 2d 774.)
There was no proof that the rent was paid or accepted subject to an agreement that the undertenant would vacate the premises. There is no doubt that the landlord had full knowledge of all of the facts about the new occupants and accepted the rent from them for over one year. Consequently she is deemed to have waived her rights at this late date to charge a breach of substantial obligation or an illegal occupancy. Her testimony of occasional protests at this occupancy are inadequate to avert a waiver. Since the court finds there was a waiver by the landlord of the alleged violation, it further follows therefore that sections 52 and 53 of the State Rent and Eviction Regulations do not apply. Final order for the tenant.