Hart, J.
(dissenting). In this holdover proceeding com-by the landlord, a co-operative, against a stockholder tenant, the landlord appeals from a final order in favor of the tenant dismissing the petition. When the tenant took possession in 1954, there was no restraint on the ownership or harboring of dogs in the apartments. On November 1, 1956 the board of directors of the landlord corporation, pursuant to the powers vested in it, passed a resolution purporting to regulate the maintenance of cats and dogs in dwelling units in the premises. By the occupancy agreement between the parties, the tenant had covenanted to be bound by any rules and regulations promulgated by the landlord —so that any rule or regulation duly adopted became part of the agreement.
At the time of the adoption of the resolution, the tenant owned and harbored a dog which he subsequently disposed of because it was too big. In December, 1962 he acquired another dog and in January of 1963 notified the board of directors of this fact; that the acquisition was for his 10-year-old daughter, who is mentally disturbed; that the companionship of the dog had resulted in a remarkable improvement in her condition. It appears further that the dog commits no nuisance in or about the premises. At the end of March, 1963 the board of directors notified the tenant that the dog must be removed as provided for by the resolution of November 1, 1956. In the interim between January, 1963 and the end of March, 1963 the tenant paid and the landlord accepted the rent or carrying charges for the residential unit. On April 15,1963 the landlord served a notice of the termination of the occupancy agreement and thereafter instituted the summary proceeding.
*659 To determine the applicability of the regulation adopted by the board of directors to this tenant, it is necessary to set forth the resolution:
“ resolved, that on and after the 15th day of November, 1956, all stockholders are prohibited from having, harboring, maintaining or caring for any cat or dog in his dwelling unit of the corporation, and it is
further resolved, that those stockholders presently having, harboring, maintaining or caring for a cat or dog in his dwelling unit of the corporation may continue with such stockholder and provided that such stockholder notifies management in writing on or before December 1, 1956, that such stockholder has a cat or dog
A reading of the second paragraph of the resolution reflects that its phraseology is garbled and obscure. Moreover, it is ambiguous in its meaning. It does not indicate whether a stockholder who harbored a dog at the time of the resolution is precluded from substituting it with another. Under such circumstances the resolution must be strictly construed against the landlord and all ambiguities weighed in favor of the tenant. This is particularly true here since ‘ ‘ Provisions for forfeiture are not favored by the courts, and as a general rule are strictly construed ” (New York Law of Landlord and Tenant, § 998).
The case here on appeal is readily distinguishable from that of Lincoln Co-Op. Apts. v. Meltzer, N. Y. L. J., Jan. 30, 1963, p. 16, col. 3 [Supreme Ot., Kings County, Steihbrihk, Spec. Ref.]. There the resolution explicitly provided that “no resident who has an animal in his apartment shall replace same ”.
Under the circumstances, it is my conclusion that tenant was not barred from substituting the dog he now harbors in the place of one owned by him at the time of the adoption of the resolution.
Moreover I am of the opinion that by the acceptance of rent for the period from January to March, 1963, with knowledge of the fact that tenant maintained a dog in his apartment, there was a waiver of the right to enforce the regulation (Valentine Gardens Coop. v. Oberman, 237 N. Y. S. 2d 535; Woollard v. Schaffer Stores Co., 272 N. Y. 304; Mutual Redevelopment Houses v. Hanft, 42 Misc 2d 1044).
Brows and Groat, JJ., concur in Per Curiam opinion; Hart, J., dissents in opinion.
Pinal order reversed, etc.