WILL E. HODGES *et al. v.* HAMBLEN COUNTY *et al.**

(*Knoxville.* September Term, 1925.)

1. **ACTION.** Declaratory judgment not rendered where it would be merely abstract and theoretical.

A declaratory judgment to determine rights of ten of eighteen county magistrates to transact county business when remaining magistrates refuse to act will not be rendered, where, prior to consideration of appeal, all magistrates qualified and transacted business; no official action having been attempted by complainants alone. (*Post, pp.* 398-400.)

Acts cited and construed: Acts 1923, ch. 29.

Cases cited and approved: Miller v. Miller, 149 Tenn., 463; Russian Commercial & I. Bank v. British Bank (House of Lords), 19 A. L. R., 1101.

2. **ACTION.** Parties not entitled to declaratory judgment on remote question or to aid them in another transaction.

Parties are not entitled to a declaratory judgment on remote and incidental questions or to aid them in another transaction. (*Post, p.* 400.)

Cases cited and approved: Barwick v. Southeastern & Co. R. Co., 1 K. B., 187; Gray v. Spyer, 2 Ch., 549; In re Toronto R. Co., 48 Ont. L. Rep., 319.

---

*Headnotes 1. Actions, 1 C. J., Section 68; 2. Actions, 1 C. J. Section 68.

---

FROM HAMBLEN.

---

Appeal from the Chancery Court of Hamblen County. —Hon. Ernest R. Taylor, Chancellor.

Rufus M. Hickey, for Hodges and others.

John R. King, for Hamblen County.

W. N. Hickey, for Read and others.

Mr. Chief Justice Green delivered the opinion of the Court.

The county of Hamblen is entitled to eighteen magistrates, and this number were duly elected and qualified prior to the meeting of the regular session of the quarterly court of that county on the first Monday in January, 1925. Eight of these magistrates absented themselves from the January term of the quarterly court, and refused to participate in the deliberations of that body. It seems that differences had arisen between these eight magistrates and the others about certain matters to come before the court, and the eight magistrates organized this filibuster by way of breaking a quorum.

Ouster proceedings were brought against the filibustering magistrates; they being charged with willful failure and refusal to perform the duties of their offices. This suit w ?ard at the March, 1925, term of the chancery court ... amblen county, and the chancellor re, moved said magistrates from office. Seven of these magistrates appealed from the chancellor's decree, and their appeal is now pending in this court. One of said magistrates failed to join in the appeal.

Thereafter the election commissioners of Hamblen county called a special election to fill the vacancies arising from the decree of the chancellor, prior to the July, 1925, term of the county court, and eight other citizens were elected in the places of the magistrates removed from office as aforesaid. The eight persons elected justices of the peace at this special election, however, refused to qualify as such.

No attempt was made by the remaining members of the county court—the ten who did not join the filibuster—to transact business at the January, April, or July terms of that court.

In August, 1925, the bill herein was filed by the ten magistrates not filibustering, under the Declaratory Judgments Statute (Pub. Acts 1923, chapter 29), against Hamblen county. The attorney general of the State was also made a party. Later the eight citizens elected as magistrates at the special election were permitted to intervene and become parties to the suit.

The bill set out with some more detail the facts above stated, and set out the various statutes of Tennessee regulating the organization and procedure of the quarterly county courts. It was contended by the complainants that under these statutes the ten magistrates not filibustering constituted a quorum of the county court of Hamblen county, and were entitled to elect officers and transact business for the county. It was submitted, however, that there was a contrary contention made by parties interested to the effect that the statutes prescribed three-fifths of the magistrates to which Hamblen county was entitled as necessary to constitute a quorum and authorize the transaction of business and the election of officers by

the county court. It was averred that the business of the county was at a standstill, and that embarrassing conditions were arising, and the court was asked for a declaration upon the matters in controversy.

The case was heard by the chancellor in September, and he was of opinion and decreed that the county court of Hamblen county could not transact business and elect officers unless there were present three-fifths of the magistrates to which the county was entitled; ten being less than three-fifths.

From this decree an appeal was taken to this court.

When the case was reached in this court, it was stated at the bar, and conceded by all parties, that, after the chancellor's decree just mentioned, and pending the appeal, the eight citizens elected as justices of the peace at the special election aforesaid had duly qualified, had attended the court, and that organization of the court had been duly effected and necessary business transacted.

Notwithstanding the foregoing, some of the parties through their counsel still insist that they are entitled to a determination of the questions submitted and a declaration accordingly from this court. We think this is a mistaken idea. This court is committed to a liberal interpretation of the Declaratory Judgments Act so as to make it of real service to the people and to the profession. Nevertheless, certain limitations must be placed upon the operation of the statute. Such limitations arise from the language of the enactment.

In *Miller* v. *Miller,* 149 Tenn., 463, 261 S. W., 965, this court adopted the Scotch rule with reference to the action of declarator, long prevailing in that jurisdiction, referred to in *Russian Commercial & I. Bank* v. *British*

Hodges v. Hamblen County.

*Bank* (House of Lords), 19 A. L. R., 1101, and held that to justify a declaration "the question must be a real, and not a theoretical question; the person raising it must have a real interest to raise it; he must be able to secure the proper contradicter, that is to say, some one presently existing who has a true interest to oppose the declaration sought."

The questions here submitted do not meet this test. They are purely theoretical. The full membership of the county court of Hamblen county has qualified, and is attending the sessions of that tribunal. Now that the eight magistrates, who delayed their qualification, have assumed the duties of office, it is improbable they will neglect such duties and absent themselves from the meetings of the court. The ten complainants have no real interest in a declaration of their power, apart from other members of the court, to transact business for the court, since the other members are participating in the court's deliberations. The statute does not contemplate declarations upon remote contingencies.

In other words, the questions submitted arise out of a closed incident. The ten complainants attempted no official action during the filibuster, and the validity of no action or probable action of theirs or others is involved. A declaration from us, therefore, could only serve as an expression upon a supposititious dispute. Moreover, it would be a declaration upon a question in which, if it ever does arise, the particular parties now before the court may have no interest whatever—a question purely abstract and theoretical.

The practice of rendering declaratory judgments has been in vogue in England and Scotland for many years,

but we find no case that would justify us in going to the lengths that we are here asked to proceed.

Parties are not entitled to an expression of opinion to help them in another transaction. *Barwick* v. *Southeastern & Co. R. Co.,* [1921] 1 K. B., 187.

A declaration should not be made on an abstract question. *Gray* v. *Spyer* [1921], 2 Ch., 549.

Nor on remote and incidental questions. *In re Toronto R. Co.* [1920], 48 Ont. L. Rep., 319.

For the reasons stated, this appeal must be dismissed. The costs of the cause in our opinion should properly be taxed to Hamblen county.