UPDEGRAFF v. ATTORNEY GENERAL.

1. ACTION—DECLARATORY JUDGMENT—PROCESS.

The declaratory judgment act does not dispense with the issuance of proper process and formal presentation thereunder the same as is required in any other action (3 Comp. Laws 1929, §§ 13903–13909).

2. SAME—DECLARATORY JUDGMENT—CRIMINAL PROCEEDING.

The practice of asking for a declaratory judgment after having been charged with a violation of the law would result in two cases involving the same subject matter pending at the same time, cast an unnecessary burden on the courts and the law enforcement authorities, and is improper. (3 Comp. Laws 1929, §§ 13903–13909).

3. SAME—DECLARATORY JUDGMENT—PARTIES—ISSUES.

A court abuses its discretion by entertaining jurisdiction of action for declaratory judgment, commenced during pendency of another action between the same parties in which all issues would be determined (3 Comp. Laws 1929, §§ 13903–13909).

4. SAME—DECLARATORY JUDGMENT NOT A SUBSTITUTE FOR REGULAR ACTIONS.

A declaratory judgment is not a substitute for regular actions (3 Comp. Laws 1929, §§ 13903–13909).

5. SAME—TEST OF RIGHT TO DECLARATORY JUDGMENT.

    One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights (3 Comp. Laws 1929, §§ 13903–13909).

6. SAME—CRIMINAL PROCEEDING—DOG QUARANTINE—DECLARATORY JUDGMENT.

    Since the first court seized of the issues involved, if identical, between two litigants, whether by action for a declaratory or other judgment, must be permitted to retain jurisdiction of the case, petition for declaratory judgment by person previously prosecuted before a justice of the peace for a misdemeanor because of failure to observe quarantine on dogs as proclaimed by governor was properly dismissed (Comp. Laws 1929, § 5170 *et seq.;* §§ 13903–13909).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 19, 1941. (Docket No. 87, Calendar No. 41,622.) Decided June 2, 1941.

Petition by L. D. Updegraff against Thomas Read, Attorney General, and others for a declaratory judgment regarding statute relating to quarantine on dogs. From order dismissing cause, plaintiff appeals. Affirmed.

*N. A. Cobb* (*Roger H. Nielsen,* of counsel), for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendants.

BUTZEL, J. On April 3, 1940, plaintiff filed a petition for a declaratory judgment under the provisions of Act No. 36, Pub. Acts 1929, being 3 Comp. Laws 1929, §§ 13903–13909 (Stat. Ann. § 27.501 *et seq.*). He alleged that he was being prosecuted before a justice of the peace for a misdemeanor aris-

ing through his failure to observe the quarantine on dogs, as proclaimed by the governor for the period between December 27, 1939, and March 27, 1940, under Act No. 181, Pub. Acts 1919, as amended;* that he is the owner of a Great Dane dog that has been vaccinated for rabies; that the dog has not attacked or bitten any animal or person, is not a sheep-killer and is not vicious; that the dog is always subject to control regardless of whether attached to a leash or not, provided the liberty of the dog is not restrained. The quarantine terminated prior to the filing of plaintiff's petition for declaratory judgment. Plaintiff appeals from an order dismissing his petition. The reasons for the order appealed from will be more fully discussed so as to guide future actions.

The declaratory judgment act, Act No. 36, Pub. Acts 1929, provides that such declarations may be obtained by means of ordinary proceedings at law or in equity or by means of a petition on either the law or equity side of the court as the nature of the case may require, and where a declaration of rights is the only relief asked, the case may be noticed for early hearing as in the case of a motion. 3 Comp. Laws 1929, § 13904 (Stat. Ann. § 27.502). The case was begun on April 3, 1940, on the law side of the court, but without any regular legal process first being issued. The service of the petition was accompanied with a notice to defendants that it would be brought on for hearing 27 days later. The court held that process should have been issued in the regular manner and that until issue was framed, the case could not be summarily disposed of as a motion in a case already begun. We find nothing in the act which dispenses with the issuance of

---

* 1 Comp. Laws 1929, § 5170 et seq. (Stat. Ann. § 12.371 et seq.).
—REPORTER.

proper process and formal presentation, the same as is required in any other action. Had plaintiff served defendant with regular summons and the petition contemporaneously, defendants would have been obliged to answer within 15 days from the date of service of the petition the same as in a case of service of a declaration or bill of complaint at the time the summons is served. See Court Rules Nos. 13, § 7; 14, § 5; 27, § 3 (1933). The answer, as a rule, would result in the issue being framed and ordinarily the case could then be brought on for hearing upon short notice the same as a motion. The court in its discretion could extend the time of hearing. Plaintiff, in the usual case involving civil rights, could file his petition for declaratory judgment on the chancery side of the court and possibly secure temporary injunctive relief upon proper conditions, if the court in its discretion deemed it necessary. We find nothing in the law or rules that permits a departure from the regular procedure in ordinary actions. Proceeding in a regular manner could have brought the case to a hearing more quickly than the irregular method plaintiff used. The judge was correct in upholding the contentions of defendants who specially appeared and showed that they had not been served with proper process.

While plaintiff raises 14 questions in his petition, they relate to matters that may be presented in the criminal case that is pending. We condemn the practice of a person who, after being charged with violating the law, then asks for a declaratory judgment in an independent cause, with the result that two cases involving the same subject matter are pending at the same time. If such a practice were permitted, it would cast an unnecessary burden on the courts and the law enforcement authorities. The general rule is set forth in *Woolard* v. *Schaffer*

*Stores Co.*, 272 N. Y. 304, 311 (5 N. E. [2d] 829, 109 A. L. R. 1262) ; 273 N. Y. 527 (7 N. E. [2d] 676, 109 A. L. R. 1267), where Justice O'Brien said:

"When, however, another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction. *Colson* v. *Pelgram,* 259 N. Y. 370 (182 N. E. 19)."

A declaratory judgment is not a substitute for regular actions. *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673 (68 A. L. R. 105) ; *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich 58; *Miller* v. *Siden,* 259 Mich. 19. One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights. *City of Flint* v. *Consumers Power Co.,* 290 Mich. 305. Plaintiff is first charged with violating the law; then he asked for a declaratory judgment in an independent proceeding while the criminal suit was still pending. Borchard in his work on Declaratory Judgments, p. 179, states as follows:

"Yet where a suit or proceeding is already pending involving the same issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by the defendant or the plaintiff in that suit. * * * The first court seized of the issues involved, if identical, whether by action for a declaratory or other judgment, must be permitted to retain jurisdiction of the case."

Also, see annotations in 12 A. L. R. 52, 75; 19 A. L. R. 1124, 1127; 50 A. L. R. 42, 48; 68 A. L. R. 110, 119; 87 A. L. R. 1205, 1219; 114 A. L. R. 1361, 1367.

It becomes unnecessary to discuss appellee's further claim that, since the quarantine expired prior to the filing of the petition for declaratory judgment, the case became moot before the petition was filed.

The order of the trial court is affirmed, with costs to appellees.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and WIEST, JJ., concurred. McALLISTER, J., took no part in this decision.