CITY OF JOHNSON CITY *et al. v.* CAPLAN *et al.*

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

GREEN & BRANDT, and WINSTON & GUINN, all of Johnson City, for appellants.

THOMAS E. MITCHELL, of Johnson City, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Caplan was tried in the City Court of Johnson City on a charge of having violated a specified ordinance of that City. He resisted on the ground that the ordinance in question is unconstitutional. He was found 'guilty, fined $50, and appealed to the Circuit Court of that county.

Thereupon, and while his case was pending in the Circuit Court, he filed in the Chancery Court a petition under the declaratory judgment statute, Code Section 8835 et seq. He alleged as facts the statements hereinabove made. The purpose of his petition is to procure a decree declaring unconstitutional the ordinance involved in his case pending in the Circuit Court. He prayed and procured a preliminary injunction to stay proceedings in the Circuit Court.

Johnson City demurred. One ground thereof is that it appears from the face of the bill that Caplan is seeking by means of a declaratory judgment to have determined in this Chancery Court proceedings the identical question involved in the pending Circuit Court case, and wherein the same litigants are the only ones involved.

The Chancellor overruled the demurrer and proceeded to consider and determine the constitutionality of the ordinance. The case is here upon the appeal of Johnson City.

It is true, as said in behalf of Caplan, that the declaratory judgment statute is construed liberally in favor of the person seeking relief under its provisions. However, as observed in *Hodges* v. *Hamblen County*, 152 Tenn. 395, 398, 277 S. W. 901, some limitations must be placed upon the operation of the statute.

In *Georgia Industrial Realty Company* v. *City of Chattanooga*, 163 Tenn. 435, 441, 43 S. W. (2d) 490, 492, it was held that a declaratory judgment proceedings will not be entertained in the Chancery Court "to the prejudice of the proceeding at law", citing *McFarland* v. *Crenshaw*, 160 Tenn. 170, 175, 22 S. W. (2d) 229, 230, where the Court said that:—"It is obviously contrary to the spirit and purpose of the Declaratory Judgments Law that a party should be delayed in the prosecution of an accrued cause of action until the termination of a proceeding brought for a declaratory judgment."

A reason for the conclusions stated in the two Tennessee decisions above mentioned is very clearly stated in the Michigan case of *Updegraff* v. *Attorney General*, reported in 298 Mich. 48, 298 N. W. 400, 401, 135 A. L. R. 931, 933, as follows:—"We condemn the practice of a person after being charged with violating the law and then asking for a declaratory judgment in an independent cause, with the result that two cases involving the same subject matter are pending at the same time. If such a practice were permitted, it would cast an unnecessary burden on the courts and the law enforcement authorities." In the New York case of *Woollard* v. *Schaffer Stores Co.*, reported in 272 N. Y. 304, 5 N. E. (2d) 829, 832, 109 A. L. R. 1262, 1265, the Court said:—"When, however, another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a

declaratory judgment, the court abuses its discretion when it entertains jurisdiction.'' The great weight of authority seems to be in accord with the conclusions reached in these cases and in the Tennessee cases mentioned. See annotations in 135 A. L. R. 934, et seq.

From that above said it appears that the Chancellor placed too liberal a construction upon our declaratory judgment statute in considering the question presented by Caplan's petition. This Court's opinion is that the aforementioned ground of the City's demurrer should have been sustained and the suit dismissed.

The decree will be reversed, the suit dismissed, and the costs in all courts adjudged against Caplan.