Marshall M. TILLMAN, Jr., Individually
and d.b.a. Forest Hill Drive-In,
Plaintiff-Appellee,

v.

CITY OF GERMANTOWN, Tennessee, a
Municipal Corporation,
Defendant-Appellant.

Court of Appeals of Tennessee,
Western Section.

Jan. 23, 1980.

Permission to Appeal Denied by Supreme
Court March 31, 1980.

Henry M. Beaty, Jr. and R. Lee Winchester, Jr., Memphis, for defendant-appellant.

Lucius E. Burch, Jr. and Charles G. Burr, Memphis, for plaintiff-appellee; Burr, Porter & Johnson, Memphis, of counsel.

MATHERNE, Judge.

The defendant city caused to be served upon the plaintiff Tillman a warrant charging Tillman with certain violations of the zoning ordinances of the city. After having been served with the city warrant and before a hearing in the city court, Tillman filed the present lawsuit in the Chancery Court sitting in Shelby County, Tennessee, seeking a declaratory judgment as to the constitutionality of the city's zoning ordinance as applied against Tillman and for an injunction restraining the officials of the city from proceeding with the prosecution of Tillman in the city court.

The city filed a motion to dismiss the chancery court lawsuit alleging that the chancery court lacked subject matter jurisdiction in that all issues raised in the chancery court can be properly raised in the city court. The city further relies upon the rule announced in *City of Johnson City v. Caplan* (1952) 194 Tenn. 496, 253 S.W.2d 725, to the effect that suit for declaratory judgment will not lie where the identical question presented involving the same parties is before another court in a separate proceeding. The chancellor denied the city's motion to dismiss and allowed a discretionary appeal to this Court under T.C.A. § 27–305.

We note that the order allowing the discretionary appeal was entered prior to the effective date of the Tennessee Rules of Appellate Procedure, and the appeal was completed after the effective date of those

rules. The appeal does not satisfy the four corners of T.C.A. § 27–305 nor the provisions of Rule 9, Tennessee Rules of Appellate Procedure. The appeal appears to have been attempted by applying something of a mixture of the statute and the rule. We will, however, in the exercise of our discretion accept this appeal by permission from an interlocutory order of the chancellor.

Tillman is the sole proprietor of a retail grocery business known as Forest Hill Drive-In located at 9095 Poplar Avenue, Germantown, Shelby County, Tennessee. In 1977, the city enacted an ordinance regulating the use of signs within the city. That ordinance provides that signs lawfully existing in areas annexed by the city after the passage of the ordinance may be continued for a period of six months from the date of annexation provided they are properly maintained. In 1978, the Tillman property was annexed into the City of Germantown and the outdoor advertising signs on the Tillman property became nonconforming uses subject to the above requirement that they be removed within six months after annexation. The city repeatedly notified Tillman through its Building Official that the signs must be removed. The first notice was apparently given on February 20, 1978.

Tillman refused to remove the signs and in accordance with City ordinances appealed to the Design Review Commission which upheld the decision of the Building Officer. Tillman further appealed to the Board of Mayor and Aldermen of the City of Germantown, which affirmed the decision of the Design Review Commission. Thereafter, on February 28, 1979, the city filed and had served on Tillman a Warrant of Arrest charging Tillman with maintaining eight signs in violation of the sign ordinance. Tillman could be fined up to $50.00 per day for each of the eight signs alleged to be in violation of the ordinance.

On March 14, 1979, Tillman filed the present lawsuit in chancery court. In his complaint it is alleged that the requirement by the sign ordinance that the nonconforming signs be removed within six months after the property is annexed is in direct conflict with T.C.A. § 13–708 governing the enforcement of zoning ordinances. Tillman further alleges that the six month provision constitutes a taking of his property without due process of law as prohibited by the Fourteenth Amendment to the Constitution of the United States and Article 1, Section 17 of the Constitution of Tennessee. Tillman further alleged that his constitutional, common law and statutory rights would be violated and that he would suffer immediate and irreparable injury if the city were allowed to proceed with the prosecution of the Warrant of Arrest before a hearing could be had by the chancery court on the issue raised in the complaint.

We here note that no hearing was had on the Warrant of Arrest in the city court; no pleadings were filed, and it is doubtful if formal pleadings are there required. We are faced with a situation where Tillman could have, in defense of the Warrant of Arrest, raised every issue in the city court that he alleged in a separate action in the chancery court. He had the right to appeal from the city court to the circuit court and then on to the state appellate courts. But he chose, by suit for declaratory judgment, to file a separate lawsuit in the chancery court. His right to do so is the issue to be decided.

In *City of Johnson City v. Caplan, supra,* Caplan was tried in the city court on a charge of violating a city ordinance. His defense was that the ordinance was unconstitutional, but he was found guilty and fined. Caplan then appealed to the circuit court. While the case was pending in the circuit court, Caplan filed suit in the chancery court seeking declaratory judgment that the ordinance was unconstitutional. He prayed for and was granted a preliminary injunction staying the proceedings in the circuit court. The city demurred on the ground that Caplan could not by means of declaratory judgment have determined in the chancery court the identical issues pending in the circuit court. The chancellor overruled the demurrer and decided the issues. On the city's appeal the Supreme

Court reversed and dismissed Caplan's suit in the chancery court. The Supreme Court speaking through Mr. Justice Tomlinson stated:

It is true, as said in behalf of Caplan, that the declaratory judgment statute is construed liberally in favor of the person seeking relief under its provisions. However, as observed in *Hodges v. Hamblen County*, 152 Tenn. 395, 398, 277 S.W. 901, some limitations must be placed upon the operation of the statute.

In *Georgia Industrial Realty Company v. City of Chattanooga*, 163 Tenn. 435, 441, 43 S.W.2d 490, 492, it was held that a declaratory judgment proceedings will not be entertained in the Chancery Court "to the prejudice of the proceeding at law", citing *McFarland v. Crenshaw*, 160 Tenn. 170, 175, 22 S.W.2d 229, 230, where the Court said that:—"It is obviously contrary to the spirit and purpose of the Declaratory Judgments Law that a party should be delayed in the prosecution of an accrued cause of action until the termination of a proceeding brought for a declaratory judgment."

A reason for the conclusions stated in the two Tennessee decisions above mentioned is very clearly stated in the Michigan case of *Updegraff v. Attorney General*, reported in 298 Mich. 48, 298 N.W. 400, 401, 135 A.L.R. 931, 933, as follows:—"We condemn the practice of a person after being charged with violating the law and then asking for a declaratory judgment in an independent cause, with the result that two cases involving the same subject matter are pending at the same time. If such a practice were permitted, it would cast an unnecessary burden on the courts and the law enforcement authorities." In the New York case of *Woollard v. Schaffer Stores Co.*, reported in 272 N.Y. 304, 5 N.E.2d 829, 832, 109 A.L.R. 1262, 1265, the Court said:—"When, however, another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction." The

great weight of authority seems to be in accord with the conclusions reached in these cases and in the Tennessee cases mentioned. See annotations in 135 A.L.R. 934, et seq.

In the present lawsuit the chancellor held that *Caplan* did not apply because the identical issues raised in the chancery court were not before the city court. It may be true that those issues had not been pled in the city court, but as heretofore noted each issue raised in the chancery court could have been raised as a defense in the city court. The quote in *Caplan* from the New York case of *Woollard v. Schaffer Stores Co.* makes the *Caplan* rule applicable here because all issues raised in the chancery court *could* have been raised in the city court.

The decree of the chancellor is, therefore, reversed and this lawsuit is dismissed. The costs in the chancery court and in this Court are adjudged against the plaintiff-appellee for which execution may issue, if necessary.

SUMMERS and EWELL, JJ., concur.