IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 10, 2013 Session

STATE EX REL. HERBERT S. MONCIER, ET AL.
v. NANCY S. JONES, ET AL.

Appeal from the Circuit Court for Davidson County
No. 12C502     Hamilton V. Gayden, Jr., Judge

No. M2012-01429-COA-R3-CV - Filed June 6, 2013

Attorney disciplined by the Board of Professional Responsibility filed suit against the Board's counsel seeking damages for her conduct of the disciplinary proceeding and her removal from the position of Disciplinary Counsel; Attorney appeals the dismissal of his action. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Herbert S. Moncier, Knoxville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General, for the Appellees, Nancy S. Jones and unnamed officers of the State of Tennessee.

**OPINION**

This appeal arises from a disciplinary proceeding brought by the Board of Professional Responsibility of the Tennessee Supreme Court (the "Board") against attorney Herbert S. Moncier. The petition for discipline was filed on July 30, 2008; a supplemental petition was filed on September 28, 2009. Mr. Moncier responded to both petitions and, following a hearing, was found to have committed violations of the Rules of Professional Conduct and suspended from the practice of law for a period of eleven months and twenty-nine days, all but forty-five days of which was probated. In addition, Mr. Moncier was required to have a practice monitor and take additional hours of ethics continuing legal education. Following proceedings relative to Mr. Moncier's appeal of the Hearing Panel's judgment, the Tennessee

Supreme Court issued an Order of Enforcement on June 1, 2011, *inter alia*, imposing the discipline which had been previously ordered by the Hearing Panel.

On February 6, 2012, Mr. Moncier filed suit in Davidson County Circuit Court against the Board's Disciplinary Counsel, Nancy S. Jones, seeking damages and other relief arising from her conduct of the disciplinary proceeding. The suit has produced a plethora of filings; those pleadings germane to the issues presented in this appeal are the Amended Complaint and the Second Amended Complaint ("the complaints"), Ms. Jones' motion to dismiss[1], two motions for a declaratory judgment filed by Mr. Moncier, and a motion seeking leave to file a third amended complaint.

A hearing was held on the pending motions and on June 12, 2012 the trial court entered an order granting the motion to dismiss and denying Mr. Moncier's motions to file a third amended complaint and for declaratory judgments. Mr. Moncier appeals.[2]

## DISCUSSION

### I. IMMUNITY AVAILABLE TO MS. JONES

While Mr. Moncier acknowledges that Tenn. Sup. Ct. R. 9, § 27.1 grants Ms. Jones immunity for conduct in the course of her duties as Disciplinary Counsel, he contends that the rule violates the Tennessee Constitution.[3] In *Moncier v. Jones, et al.*, No. M2012-00778-COA-R3-CV, a suit in which Ms. Jones is a party, we address Mr. Moncier's contention regarding the constitutionality of Tenn. Sup. Ct. R. 9, § 27, as well as the availability of sovereign immunity and qualified immunity. *Moncier v. Jones, et al.*, No. M2012-00778-COA-R3-CV, 2013 WL _____ (Tenn. Ct. App. June 6, 2013). We adopt herein the discussion and holding in that case relative to the immunity available to Ms. Jones pursuant to Tenn. Sup. Ct. R. 9, § 27.

---

[1] By agreement between the parties, the motion to dismiss applied to the first and second amended complaints.

[2] This appeal was argued along with two other cases arising out of Mr. Moncier's suspension, *Moncier v. Jones, et al.*, No. M2012-00778-COA-R3-CV, 2013 WL _____ (Tenn. Ct. App. June 6, 2013), and *Moncier v. Board of Professional Responsibility*, No. M2012-00779-COA-R3-CV, 2013 WL _____ (Tenn. Ct. App. June 6, 2013). Several of the issues presented in this appeal are also presented in No. M2012-00778-COA-R3-CV; inasmuch as the same panel has participated in all three opinions, as appropriate we shall adopt holdings in that case as dispositive of certain issues herein.

[3] Tenn. Sup. Ct. R. 9, § 27.1 states in pertinent part that "[m]embers of the board, district committee members, Disciplinary Counsel and staff shall be immune from civil suit for any conduct in the course of their official duties."

In the motion to dismiss, Ms. Jones asserted that she was also entitled to absolute and/or qualified immunity for actions taken in her official capacity. In *Moncier v. Jones, et al.*, No. M2012-00778-COA-R3-CV, we also hold that Ms. Jones is shielded from civil liability for actions taken in the course of the disciplinary proceeding which were part of her official duties; we likewise adopt herein the discussion and holding in regard to the other immunities available to her. *Id.*

Mr. Moncier's complaints stated that they were filed against Ms. Jones in her individual capacity; in the order granting the motion to dismiss, the court held that the complaints did not allege conduct which was outside the scope of Ms. Jones' employment as Disciplinary Counsel to the Board and accordingly dismissed Plaintiff's claims for failure to state a claim. Thus, we proceed to consider whether the complaints allege sufficient facts to state a claim that Ms. Jones acted in her individual capacity such that she is not immune from liability.

A motion to dismiss for failure to state a claim asserts that the facts alleged in the complaint do not state a cause of action for which relief can be granted. *Lyne v. Price*, No. W2000-00870-COA-R3-CV, 2002 WL 1417177, at *2 (Tenn. Ct. App. June 27, 2002) (citing *Humphries v. W. End Terrace, Inc.*, 795 S.W.2d 128, 130 (Tenn. Ct. App. 1990)). The motion to dismiss tests the legal sufficiency of the claim, not the strength of a plaintiff's proof, and the court should construe all facts in favor of the plaintiff, taking the relevant and material allegations as true. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)). Inferences drawn from the facts or any legal conclusions set forth in the complaint are not required to be taken as true. *Riggs v. Burson*, 941 S.W.2d 44, 47-48 (Tenn. 1997) (citing *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. App. 1992)). A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts which would entitle him to relief. *Lyne*, at *2 (citing *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994)). On appeal, we similarly presume the factual allegations to be true and review the trial court's conclusions of law *de novo* with no presumption of correctness. *Sellick v. Miller*, 301 S.W.3d 636, 639–40 (Tenn. Ct. App. 2009) (citing *Leggett v. Duke Energy Corp.*, No. W2007-00788-COA-R3-CV, 2008 WL 4756653, at *2–3 (Tenn. Ct. App. M. S., filed October 29, 2008).

Tenn. Sup. Ct. R. 9, §§ 7.1-8.5, *inter alia*, establish the powers and duties of the Disciplinary Counsel and the procedures under which the Disciplinary Counsel is to operate when investigating a complaint of lawyer misconduct and in instituting a formal disciplinary proceeding. The complaints allege facts relative to actions taken by Ms. Jones in the performance of her duties as Disciplinary Counsel during the course of the disciplinary proceeding; having reviewed both complaints we fail to see any facts alleged from which a court could conclude that Ms. Jones had acted in anything but her official capacity and in

furtherance of her official duties as Disciplinary Counsel.[4]  Accordingly, the trial court did

---

[4]  The Amended Complaint has a section labeled "Facts" which contains twenty-eight paragraphs; the following paragraphs contain allegations of fact that are neither conclusory nor argumentative:

6. On July 30, 2008 Defendant Jones filed formal disciplinary charges against Plaintiff.
8. On September 28, 2009 Defendant Jones filed supplemental formal disciplinary charges against Plaintiff.
10. Defendant Jones prosecuted Plaintiff for the July 30, 2008 and September 28, 2009 formal disciplinary charges she prepared.
11. Defendant Jones was the source of instruction and training Hearing Panel members before whom Plaintiff was tried on the formal disciplinary charges.
14. On January 12, 2010 the Hearing Panel issued findings that Plaintiff committed five violations of the Tennessee Rules of Professional Conduct.
16. On September 10, 2010 a Circuit Court reversed and dismissed two of findings of violations of the RPC by the Hearing Panel and ordered a new hearing on discipline on remaining charges. (hereinafter "Plaintiff's Favorable Judgment").
17. Plaintiff's Favorable Judgment included findings that the impartiality of the Hearing Panel has been interfered with by the Board.
19. Plaintiff's Favorable Judgment included findings that Defendant Jones attempted to interfere with the independence of Plaintiff's attorney.
20. On February 7, 2011 Defendant Jones sought review of Plaintiff's Favorable Judgment to set aside the Favorable Judgment in the Circuit Court.
25. The probation terms dictated by Defendant Jones restricted and limited Plaintiff's right to practice law pursuant to the license granted by the State of Tennessee.

Similarly, the Second Amended Complaint includes a section labeled "Facts" containing thirty-four paragraphs, the following of which are neither conclusory nor argumentative:

17. On July 30, 2008 Defendant Jones filed formal disciplinary charges against Plaintiff.
19. On September 28, 2009 Defendant Jones filed a supplemental formal disciplinary charge against Plaintiff.
21. Defendant Jones prosecuted Plaintiff for the July 30, 2008 and September 28, 2009 formal disciplinary charges she had prepared.
22. Defendant Jones was the source of instruction and training Hearing Panel members before whom Plaintiff was tried on the formal disciplinary charges.
26. On January 12, 2010 the Hearing Panel issued findings that Plaintiff committed five violations of the Tennessee Rules of Professional Conduct.
28. On September 10, 2010 a Circuit Court reversed and dismissed two of findings of violations of the RPC by the Hearing Panel and ordered a new hearing on discipline on remaining charges. (hereinafter "Plaintiff's Favorable Judgment").
29. Plaintiff's Favorable Judgment included findings that the impartiality of the Hearing Panel has been interfered with by the Board.
31. Plaintiff's Favorable Judgment included findings that Defendant Jones attempted to interfere with the independence of Plaintiff's attorney.
32. On February 7, 2011 Defendant Jones sought review of Plaintiff's Favorable Judgment to abate and set aside the Favorable Judgment in the Circuit Court.

not err when it held that the Amended Complaint and the Second Amended Complaint did not allege conduct which was outside the scope of Ms. Jones' employment.[5]

## II. DECLARATORY JUDGMENT MOTIONS

Mr. Moncier assigns error to the trial court's denial of his motions for a declaratory judgment on the constitutionality of Tenn. Sup. Ct. R. 9, § 27.1, and for a declaration of his rights relative to the application of the procedures before the Tennessee Claims Commission to his claims against Ms. Jones.[6]

The statutes relating to declaratory judgments are contained at Tenn. Code Ann. §§ 29-14-101–113. As noted in *State v. Brown & Williamson Tobacco Corp.*:

> The primary purpose of the Declaratory Judgment Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations...." Tenn.Code Ann. § 29–14–113. Although the Act is "to be liberally construed and administered," *id.,* we have acknowledged that "certain limitations must be placed upon the operation of the statute." *Johnson City v. Caplan,* 194 Tenn. 496, 253 S.W.2d 725, 726 (1952). For example, a declaratory judgment action cannot be used by a court to decide a theoretical question, *Miller v. Miller,* 149 Tenn. 463, 261 S.W. 965, 972 (1924), render an advisory opinion which may help a party in another transaction, *Hodges v. Hamblen County,* 152 Tenn. 395, 277 S.W. 901, 902 (1925), or "allay fears as to what may occur in the future," *Super Flea Mkt.,* 677 S.W.2d at 451. Thus, in order to maintain an action for a declaratory judgment a justiciable controversy must exist. *Jared v. Fitzgerald,* 183 Tenn. 682, 195 S.W.2d 1, 4 (1946). For a controversy to be justiciable, a real question rather than a theoretical one must be presented and a legally protectable interest must be at stake. *Cummings v. Beeler,* 189 Tenn. 151, 223 S.W.2d 913, 915 (1949). If the controversy depends upon a future or contingent event, or involves a theoretical or hypothetical state of facts, the controversy is not justiciable. *Story v. Walker,* 218 Tenn. 605, 404 S.W.2d 803, 804 (1966). If the rule were otherwise, the "courts might well be projected into the limitless field of advisory opinions." *Id.*

---

[5] Mr. Moncier also asserts that the trial court erred in holding that Ms. Jones' actions "were committed in the course of the office of Disciplinary Counsel." Our holding that the complaints did not allege conduct other than that occurring in the course of Ms. Jones' performance of her duties as counsel pretermits our consideration of this issue.

[6] The substance of this motion was also raised as a claim in the complaints.

*State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000). The decision of whether to entertain a declaratory judgment action is discretionary with the trial judge and this discretion is wide; courts should act with utmost caution when exercising the discretion to make a declaration. *State ex rel. Earhart v. City of Bristol*, 970 S.W.2d 948, 954 (Tenn. 1998) (citations omitted); *Tenn. Farmers Mut. Ins. Co. v. Hammond*, 200 Tenn. 106, 111-12 (1956). Absent an abuse of discretion, a trial court's decision to grant or deny declaratory judgment should not be disturbed on appeal. *Timmins v. Lindsey*, 310 S.W.3d 834, 839 (Tenn. Ct. App. 2009).

In ruling on the motion relative to the constitutionality of Tenn. Sup. Ct. R. 9, § 27.1, the trial court held that it was "without authority to rule upon the constitutionality of a rule of the Tennessee Supreme Court in accordance with the ruling in *Barger v. Brock*[.]" As noted above, the propriety of an inferior court's consideration of a challenge to the constitutionality of a Supreme Court rule is addressed in *Moncier v. Jones, et al.*, No. M2012-00778-COA-R3-CV; our holding that an inferior court could not entertain such a challenge would include a challenge asserted in an action for a declaratory judgment.

In the other motion for declaratory judgment, Mr. Moncier contended that Tenn. Code Ann. § 9-8-307[7] required that he elect to file an action against the State in the Claims Commission; that, if he did so, he would waive any claim arising against Ms. Jones arising out of the same acts or omissions asserted in his suit; and that there was no statute to save his claims against Ms. Jones in the event the state was not ultimately held liable for Ms. Jones acts. In denying the motion the trial court held that Mr. Moncier sought "an advisory opinion of this Court which this Court does not have the authority to grant under the Declaratory Judgment Act . . . ." Mr. Moncier contends that a justiciable controversy existed, sufficient to warrant a declaratory judgment, as to whether to file his claims with the Claims Commission and that he could not make an "informed, voluntary, and meaningful election" as to whether to do so without the declaration which he sought.

The issue before us is whether the trial court's refusal to entertain the declaratory judgment was arbitrary or otherwise an abuse of its discretion. In the motion, Mr. Moncier clearly sought to have the court render an advisory opinion, one which could guide him in the prosecution of his action. Moreover, in light of the numerous and varied claims of liability and for relief, not only in this action but in the others, it is not clear that a declaration of his rights in this action would have terminated the controversy. Viewed from this

---

[7] The motion cited Tenn. Code Ann. § 9-8-103 in connection with the Claims Commission procedure; that statute was repealed by 1984 Public Acts, chapter 972, § 19. Tenn. Code Ann. § 9-8-301–310 establishes the composition, powers and jurisdiction of the Claims Commission.

perspective, we cannot hold that the trial court's decision was arbitrary or an abuse; rather, it was a reasonable one.[8]

III. PROSECUTION OF CLAIMS ASSERTED PURSUANT TO TENNESSEE CODE ANNOTATED §§ 29-35-101, *ET SEQ*. AND 8-47-101

Mr. Moncier included a claim in the name of the State of Tennessee as relator pursuant to Tenn. Code Ann. § 29-35-110 for damages and to remove Ms. Jones from her position, asserting that she was unlawfully exercising the office of Disciplinary Counsel because of her failure to take the oath at Article 10, Section 1 of the Tennessee Constitution, and that actions she took in the course of the disciplinary proceeding constituted misconduct. The trial court dismissed the claim, holding that Mr. Moncier failed to follow the procedures required under Tenn. Code Ann. § 29-35-101, *et seq*., and Tenn. Code Ann. § 8-47-101, *et seq*., thereby failing to state a claim for relief.

In *State ex rel. DeSelm v. Knox County Com'n*, this court discussed the nature of and procedure applicable to a proceeding brought under Tenn. Code Ann. § 29-35-101:

> Tenn.Code Ann. § 29–35–101 *et seq.* is the codification of the common law remedy of quo warranto. *Jordan v. Knox County,* 213 S.W.3d 751, 765 n. 5 (Tenn.2007). Tenn.Code Ann. § 29–35–101 provides:
> (1) Whenever any person unlawfully holds or exercises any public office or franchise within this state, or any office in any corporation created by the laws of this state;
> (2) Whenever any public officer has done, or suffered to be done, any act which works a forfeiture of that officer's office;
> (3) When any person acts as a corporation within this state, without being authorized by law;
> (4) Or if, being incorporated, they:
> (A) Do or omit acts which amount to a surrender or forfeiture of their rights and privileges as a corporation;
> (B) Exercise powers not conferred by law; or
> (C) Fail to exercise powers conferred by law and essential to the corporate existence.
>
> A quo warranto action is typically brought by the attorney general for the district or county as provided by Tenn.Code Ann. § 29–35–109 but under Tenn.Code Ann. § 29–35–110 a quo warranto action may be filed on behalf

---

[8] *See Southern Fire & Cas. Co. v. Cooper,* 292 S.W.2d 177, 178 (Tenn. 1956) ("the action of the trial court in refusing a declaration should not be disturbed by this, an appellate court, unless such refusal be arbitrary.")

of a private individual under certain circumstances. The Supreme Court addressed the circumstance upon which private citizens may bring a quo warranto suit in *Bennett v. Stutts,* 521 S.W.2d 575 (Tenn.1975).

Citizens who sue pursuant to a quo warranto action to rectify a public wrong must serve a copy of the complaint on the District Attorney General. If the District Attorney General refuses to bring the action the Trial Court is to conduct an in limine hearing to determine whether to permit plaintiffs to proceed. If the Trial Court determines that the District Attorney General's refusal to bring the action, or to authorize the use of his name in its institution, "was improper or unjustified, or that plaintiffs' case is prima facie meritorious, the trial court shall permit the action to proceed." *Bennett v. Stutts,* at 577. However, the Court in *Bennett* held that the quo warranto action cannot be maintained by a private citizen unless that private citizen can aver a special interest or a special injury not common to the public generally. *Id.* at 576 (citing authorities).

*State ex rel. DeSelm v. Knox County Com'n*, 342 S.W.3d 1, 6-7 (Tenn. Ct. App. 2010).

Neither of the complaints allege that Mr. Moncier followed the procedure required to properly institute an action as a private citizen pursuant to the quo warranto statute. Having failed to do so, he failed to state a claim for relief.

Tenn. Code Ann. § 8-47-110, governing ouster proceedings initiated by relators, states:

> The petition or complaint shall be in the name of the state and may be filed upon the relation of the attorney general and reporter, or the district attorney general for the state, or the county attorney in the case of county officers, and of the city attorney, or the district attorney general, in the case of municipal officers; and in all cases it may be filed, without the concurrence of any of such officers, upon the relation of ten (10) or more citizens and freeholders of the state, county, or city, as the case may be, upon their giving the usual security for costs

Both complaints were brought in Mr. Moncier's name only and neither complied with the statutory requirement that ten or more citizens be named as relators; consequently, the complaints failed to state a claim for relief.[9]

---

[9] Mr. Moncier raises as a separate issue on appeal the propriety of the trial court's dismissal of his

(continued...)

IV. CLAIM BROUGHT PURSUANT TO TENNESSEE CONSTITUTION ARTICLE 1, SECTION 17

The trial court held that there is no private cause of action for damages based on violations of the Tennessee Constitution and accordingly dismissed the claims of violation of the Tennessee Constitution. On appeal, Mr. Moncier argues that Article 1, Section 17[10] grants him a cause of action against Ms. Jones for "violations of other Bill of Rights in Tennessee's constitution; violation of Tennessee statutes; violations of Tennessee rules; and violations of Tennessee established torts." We have reviewed the cases cited by Mr. Moncier and considered his argument and decline to hold that Article 1, Section 17 creates a substantive cause of action to enforce other constitutional provisions or laws.

Article I, Section 17 was before the court in *Staples v. Brown*, an action involving the contest of an election to the position of city attorney of Harriman; the initial challenge was heard by the city council, which accepted the results and dismissed the contest. The contestant's appeal to the Roane County circuit court was dismissed because the statute which vested the city council with jurisdiction to try the contest did not provide for an appeal. On appeal, our Supreme Court reversed the trial court; with respect to Article I, Section 17, the court stated:

> The Constitution (article 1, § 17) provides that all courts shall be open, and every man having an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law, and right and justice administered without sale, denial, or delay.

> The obvious meaning of this is that there shall be established courts proceeding according to the course of the common law, or some system of well established judicature, to which all of the citizens of the state may resort for the enforcement of rights denied, or redress of wrongs done them.

---

[9](...continued)
claim that Ms. Jones had not taken the oath of office required by Article 10, Section 1 of the Tennessee Constitution and, therefore, was "unconstitutionally and unlawfully" exercising her office and could not claim the immunity at Tenn. Sup. Ct Rule 9, § 27.1. This claim was included as part of the quo warranto action and our affirmance of the court's dismissal of that action pretermits our consideration of this as a separate issue.

[10] Article 1, Section 17 of the Tennessee Constitution states:

> That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct.

*Staples*, 113 Tenn. 639, 85 S.W. 254, 255 (1905). The court proceeded to discuss the appropriate court and procedure to hear the appeal of the contest and remanded the case to the circuit court for retrial on the merits. The case stands for the proposition that the constitutional provision does not create a right but, rather, requires a mechanism by which a citizen may redress grievances.

The record in this action clearly demonstrates that Mr. Moncier has been given access to and taken advantage of the courts of this state; he has received "the judicial remedy for rights and remedies recognized elsewhere in the law." *Team Design v. Gottlieb*, 104 S.W.3d 512, 526 (Tenn. Ct. App. 2002). The cases cited by Mr. Moncier are not inapposite.[11]

V. MR. MONCIER'S MOTION TO FILE A THIRD AMENDED COMPLAINT

The denial of a motion to amend the pleadings lies within the sound discretion of the trial court and it will not be overturned unless it is shown that the trial court abused its discretion. *Hall v. Shelby County Retirement Bd.*, 922 S.W.2d 543, 546 (Tenn. Ct. App. 1995) (citing *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. App. 1979); *Welch v. Thuan*, 882 S.W.2d 792, 793 (Tenn. App. 1994)). "There are several considerations a trial judge should evaluate in determining whether to grant or deny a motion to amend. Among these factors are undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Id.*

Mr. Moncier was granted leave on two occasions to amend his complaints; in his brief on appeal he states that the motion to file the second amendment and the motion to file the third amendment were filed on the same day; the court granted the motion for the second amendment but not for the third. At the time of the ruling Mr. Moncier had filed three

___

[11] In *Whisnant v. Byrd* the court cited Article I, Section 17 as embodying the "clear and unequivocal declaration[s] of the public policy of this State . . . that every man shall have a remedy by due course of law for an injury sustained by him." *Whisnant v. Byrd*, 525 S.W.2d 152, 153 (Tenn. 1975). The court in *Estate of Bell v. Shelby Cty. Health Care Corp.* was called upon to consider the possible conflict between the common law doctrine of sovereign immunity embodied in Article I, Section 17 and the prohibition against retrospective laws in Article I, Section 20 with respect to an act of the legislature amending the Governmental Tort Liability Act; the court harmonized the constitutional provisions. *Estate of Bell v. Shelby Cnty. Health Care Corp.*, 318 S.W.3d 823, 837 (Tenn. 2010). The court in *Mercer v. HCA Health Services of Tennessee, Inc.*, considered whether judicial or quasi-judicial immunity was available to a psychiatrist who ordered a patient on suicide watch discharged from involuntary commitment the day before the person committed suicide; the court held that public policy considerations, such as that embodied in Article I, Section 17, "do not require a grant of judicial immunity for doctors involved in involuntary commitment procedures." *Mercer v. HCA Health Services of Tennessee, Inc.* 87 S.W.3d 500, 508 (Tenn. Ct. App. 2002). None of these cases stand for the proposition that Article I, Section 17 creates a substantive right.

complaints as well as two motions for declaratory judgments. We have reviewed the motion to file the third amended complaint as well as the complaint and can discern no basis upon which to hold that the court abused its discretion in denying the motion.

VI. CONCLUSION

For all of the foregoing reasons, the judgment of the circuit court is affirmed.

_____

RICHARD H. DINKINS, JUDGE